**Midstates Finance Company, a Corporation, Plaintiff-Appellant, v. Herb Waller, d/b/a Herb Waller Auto Company, Defendant-Appellee.**

Gen. No. 65–31.

Fifth District.

February 18, 1966.

Ralph T. Smith and John Dale Stobbs, of Alton, for appellant.

Emerson Baetz, of Alton, for appellee.

MORAN, J.

Plaintiff appeals from an order entered by the trial court of Madison County.

The plaintiff obtained a judgment against the defendant on December 1, 1964, pursuant to the warrant of authority and confession of judgment provisions contained in three promissory notes executed by the defendant. The defendant filed a motion for leave to file a counterclaim and to stay proceedings under the judgment pursuant to Supreme Court Rule 23 (Ill Rev Stats c 110, par 101.23).

The plaintiff filed a motion to strike the defendant's motion and proposed counterclaim on the ground that it appeared on its face to be barred by the statute of limitations. The trial court held a hearing; granted the defendant's motion; denied the plaintiff's motion and entered the following order from which plaintiff appeals:

> "Now on this day Motion for leave to file counterclaim and to stay proceedings on judgment allowed. Counterclaim on file to stand. Proceedings on judgment stayed. Plaintiff counterdefendant allowed 20 days to plead. The Court finds there is no good reason why enforcement or appeal of the order should be delayed."

Defendant contends that this court is without jurisdiction to hear this appeal because the order appealed from is not a final order. Plaintiff contends that the finding of the trial court made its order appealable by reason of chapter 110, Illinois Revised Statutes, paragraph 50(2):

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

This statute applies *only* when the trial court enters a *final* order, judgment or decree as to one or more

but fewer than all of the parties or claims and accompanies that *final* order, judgment or decree with the express finding that there is no just reason for delaying enforcement or appeal. An order which is not final in its character apart from the special finding is not appealable. Harris Trust & Sav. Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32.

■ To be final and appealable, a judgment order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, and cases cited therein.

■ The order entered by the trial court did not even purport to terminate the litigation between the parties, so therefore it was not appealable. In fact, plaintiff's notice of appeal did not even purport to appeal from a final judgment.

For the foregoing reasons this appeal is dismissed and this case is remanded to the trial court of Madison County for further proceedings not inconsistent with this opinion.

Appeal dismissed and case remanded.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.