## Alan H. NELSON

v.

## PUERTO RICO MARINE MANAGEMENT, INC.

Civ. No. B–76–886.

United States District Court,
D. Maryland.

Nov. 29, 1976.

Paul D. Bekman, Baltimore, Md., for plaintiff.

John T. Ward and John H. West, III, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

This is a maritime personal injury action brought under the Jones Act. The court has before it a Motion for Protective Order and an objection to interrogatory answers with a motion to compel. The sole question presented by these motions is whether the plaintiff may be deposed by the defendant before the defendant must produce a statement taken from the plaintiff. The court has determined that a hearing on the issue is unnecessary. Local Rule 6.

Since the 1970 Amendments to Rule 26(b)(3), the question is not *whether* the defendant must produce plaintiff's statement but *when* the statement must be produced. The Advisory Committee Notes to the 1970 Amendments expressly note: "In appropriate cases the court may order a party to be deposed before his statement is

produced." 48 F.R.D. 487, 502 (1970). *See also* 4 Moore, *Federal Practice*, ¶ 26–65 at 26–457.

Prior to the 1970 Amendments, Judge Thomsen of this court addressed a similar issue in *Smith v. Central Linen Service Company*, 39 F.R.D. 15 (D.Md.1966). Judge Thomsen concluded that the statement should be produced but only after the plaintiff's deposition had been completed. He went on to say, "I am authorized to say that the other Judges of the Court agree with and will follow this ruling." At 18. Judge Thomsen relied in part upon the opinions in *McCoy v. General Motors Corp.*, 33 F.R.D. 354 (W.D.Pa.1963), and *Parla v. Matson Navigation Co.*, 28 F.R.D. 348 (S.D.N.Y. 1961).

Subsequent to the amendment of Rule 26 in 1970, Judge Thomsen had a second occasion to be visited by this question in *Fernandes v. United Fruit Co.*, 50 F.R.D. 82 (D.Md.1970). In that case, and in recognition of the change in the Federal Rules of Civil Procedure, he noted:

> The practice in this district that in appropriate cases the court may order a party to be deposed before his statement is produced will still be followed.

At 84.

 Thus, it would appear that in the usual situation in this district the practice is to require the production of the plaintiff's statement after the plaintiff has been deposed. As the Advisory Committee report notes, there may be cases in which a contrary time for production of the statement would be more appropriate. Nothing appears in the case before the court, however, which would make the present case an exception to the general practice in this district.

The court is aware of the direction by Judge Young in *ElGirsh v. Sea Land Services, Inc.*, Civil No. Y–75–109, that the plaintiff's statement in that case be produced prior to the deposition. This direction was contained in a letter to counsel which did not set forth the circumstances upon which Judge Young relied in reaching that conclusion. The court will not assume, therefore, that there is any inconsistency between the result reached in this case and the result which Judge Young reached in a different case.

Accordingly, it is this 29th day of November, 1976, ORDERED that the plaintiff submit to deposition prior to the production by the defendant of the plaintiff's statement and that, at the close of the deposition, the defendant immediately furnish to the plaintiff a copy of all statements which the plaintiff may have given to the defendant.