DAVID ALSWANG, Plaintiff-Appellee, *v.* FANNIE T. CLAYBON, Defendant-Appellant.

First District (2nd Division)    No. 76-494

■■■■■■

Opinion filed October 4, 1977.—Rehearing denied November 9, 1977.

Collins & Amos, of Chicago (George B. Collins and Sidney R. Berger, of counsel), for appellant.

Samuel S. Siegel and David Alswang, *pro se*, both of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County, January 30, 1976, assessing attorney's fees against defendant pursuant to Illinois Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219). The circuit court stated that there was no just reason to delay the appeal from or enforcement of this order for attorney's fees.

Plaintiff, David Alswang, had represented defendant Fannie T. Claybon in a divorce action and various other matters. Plaintiff

experienced difficulty in collecting his fee so he brought suit against defendant in quantum meruit for the value of his services rendered. Subsequently, defendant failed to file an amended answer or an answer to certain supplemental interrogatories. On November 24, 1975, the circuit court ordered defendant to file the amended answer and answer to supplemental interrogatories within 35 days. On January 5, 1976, the circuit court granted defendant an additional 10 days to comply with the November 24, 1975, order. Defendant did not comply and on January 30, 1976, the circuit court entered an order assessing attorney's fees against defendant in the sum of $743.75 pursuant to Illinois Supreme Court Rule 219. The order indicated that the fees assessed covered the period of time subsequent to November 24, 1975, and through and including January 29, 1976. The order further indicated that the fees were payable within 60 days from the entry of the order. It is from this order that defendant appeals.

■■ Whether sanctions are to be imposed for the failure to comply with court orders for pretrial discovery rests within the sound discretion of the trial court. The discretion is broad and its exercise will not be interfered with unless it appears that it has been abused. *Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 293 N.E.2d 738.

■■ ■ The circuit court was partically correct in applying Illinois Supreme Court Rule 219 to defendant's failure to comply with the court's orders. Under Rule 219(a), regarding defendant's failure to answer supplemental interrogatories, plaintiff is entitled to the amount of reasonable expenses, including reasonable attorney's fees, incurred in obtaining the orders of November 24, 1975, and January 5, 1976. However, Rule 219 does not entitle plaintiff to any expenses or fees for defendant's failure to file an amended answer. Rule 219 essentially provides sanctions for failure to comply with any provision of Illinois Supreme Court Rules 201 through 218. These rules relate to discovery and not to the filing of pleadings. Therefore, any order awarding fees and expenses to plaintiff based upon defendant's failure to file a timely amended answer to plaintiff's complaint was improper.

■■ Accordingly, the order of the circuit court of Cook County is reversed and remanded with directions to determine plaintiff's reasonable expenses and attorney's fees incurred in obtaining the orders compelling defendant to file answers to supplementary interrogatories.

Reversed and remanded with directions.

DOWNING, P. J., and PUSATERI, J., concur.