RICHARD LEON VAN HYNING, Adm'r of the Estate of Bonnie Lou Van Hyning, Deceased, *et al.,* Plaintiffs, *v.* DR. STEFAN HYK, Defendant-Appellee and Cross-Appellant.—(STUART DOBBS, Appellant and Cross-Appellee.)

Fourth District   No. 15387

Opinion filed November 28, 1979.

Stuart Dobbs, of Denby, Dobbs & Meno, of Carlinville, for appellant, *pro se.*

Heyl, Royster, Voelker & Allen, of Springfield (Gary M. Peplow, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

This is an appeal by plaintiff's attorney of an order finding him in contempt of court and imposing a fine of $25.

There exists no procedural impropriety in the order of contempt. The sole issue on appeal is whether the trial court abused its discretion in finding the respondent in contempt. The defendant has cross-appealed from the trial court's refusal to allow him costs arising from the prosecution of the contempt citation.

The contempt sentence was imposed upon plaintiff's attorney as a sanction incident to discovery in a medical malpractice action. The underlying complaint alleged that plaintiff's wife died as the result of defendant's prescription of a drug to control weight.

Plaintiff, as administrator of his wife's estate, filed a wrongful death action against the defendant seeking pecuniary damages in the amount of $15,000 and the funeral expenses. That complaint, filed on April 12, 1978, also included in count III an allegation of wilful and wanton misconduct. The defendant answered the complaint and admitted his duty of care but denied its breach and therefore liability.

As part of their preparation, plaintiff and his attorney secured expert reports concerning the drug at issue from two experts in pharmacology and toxicology. While these reports are as yet not in the record, they supposedly detail the nature of the drug at issue and acknowledged rules for its proper use.

On May 11, 1978, defendant filed a request to produce. One of the items sought by that request was all relevant medical or expert reports. On July 11, 1978, plaintiff filed a notice of compliance with defendant's request to produce. Plaintiff stated in that notice that the above referenced reports of experts would be turned over to defendant after the defendant's discovery deposition. On that same day plaintiff served notice calling defendant to a discovery deposition on August 21, 1978.

On August 18, 1978, defendant responded by filing a motion to quash the notice of deposition and to compel production. No action was taken on that motion until November 27, 1978, when the trial court, in a memorandum opinion, quashed the notice of discovery deposition until plaintiff turned over the reports of its experts. On January 10, 1979, plaintiff was ordered to produce the reports on or before January 15, 1979. When plaintiff did not obey this order defendant moved that plaintiff's attorney be held in contempt of court and that plaintiff be ordered to pay the defendant's costs of securing the contempt order, including attorney's fees. The trial court found Mr. Dobbs in contempt and fined him $25. That order stated Dobbs could purge himself of the contempt by payment of the fine and by turning over the reports. The order also denied defendant's request for costs.

The same day Mr. Dobbs filed his notice of appeal. Defendant cross-appeals from the denial of costs.

In part, the argument here revolves around the correct law to apply. At the time this lawsuit was filed, Supreme Court Rule 201(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 201(e)) provided:

"(e) Sequence of Discovery. Unless otherwise ordered, depositions and other discovery procedures shall be conducted in the sequence in which they are noticed or otherwise initiated."

In effect, this created a race to the courthouse for discovery. Defendant won that race here.

However, plaintiff's attorney argues that the supreme court's new Rule 201(e) (73 Ill. 2d R. 201(e), as amended effective Nov. 1, 1978) should apply.

"(e) Sequence of Discovery. Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."

By the adoption of this change the supreme court abolished the race to the courthouse and adopted the practice of the Federal courts (Fed. R. Civ. P. R. 26(d)). Under it, the timing of discovery is at the discretion of the trial court.

■■ It is unnecessary for us to determine which rule applied to the question as it arose in this lawsuit, as even under the more liberal new rule we cannot say the trial court abused its discretion. In its written order the trial court stated:

"* * * * Rule 201(e), even as amended effective November 1, 1978, provides that the Court may, in the interests of justice, marshall the sequence of discovery.

The Court determines that it is in the interests of justice and in the interest of the pursuit of truth that the notice of the discovery deposition of the defendant be quashed until such time as the plaintiff, individually and as Administrator, furnished to the defendant a copy of the written report of Raymond D. Harbison, and it is so ordered."

The trial judge was clearly aware of the tactical position of the plaintiff in his arguments concerning the timing of the discovery. Yet, in the trial court's judgment the prejudice to plaintiff in allowing defendant to examine the expert's reports prior to his deposition was not as great as the prejudice to defendant in being deposed before looking at the reports. While some could make a different determination based on these facts (see *Nelson v. Puerto Rico Marine Management, Inc.* (D. Md. 1976), 72 F.R.D. 637), we cannot say the trial court's decision was either

improvident or so adversely affected a substantial right of the plaintiff as to be in error. *Tiedman v. American Pigment Corp.* (4th Cir. 1958), 253 F. 2d 803.

Defendant has cross-appealed, arguing it was error for the trial court not to allow him costs and attorney's fees for prosecuting this contempt citation. The rules provide two classes of remedies for the defendant in such situation. Rule 219(a) (58 Ill. 2d R. 219(a)) provides that if a party refuses to comply with a request to produce *and* the trial court finds that the refusal was without substantial justification, the court shall award the moving party expenses, including reasonable attorney's fees. The trial court here made no such finding that plaintiff's refusal was without substantial justification.

Rule 219(c) (58 Ill. 2d R. 219(c)) further provides, however, that the trial court may include payment of attorney's fees incurred by reason of the opposing party's misconduct in refusing to comply with the rules of discovery. (*Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.) However, unlike the assessment required by Rule 219(a), the assessment allowed under Rule 219(c) is discretionary with the trial court and will not be interfered with unless the court's discretion has been abused. (*Alswang v. Claybon* (1977), 53 Ill. App. 3d 961, 369 N.E.2d 104.) We find no abuse of the trial court's discretion here.

■■ In the light of the fact that the trial court did not find that the refusal to produce was "without substantial justification" (58 Ill. 2d R. 219(a)), and upon consideration of the issues briefed and argued upon appeal, we conclude that plaintiff's refusal to produce was an issue raised in good faith upon the interpretation of a rule of court. Accordingly, we reverse and vacate the finding of contempt and the assessment of fine. The order is otherwise affirmed.

Affirmed in part; reversed in part and fine vacated.

REARDON, P. J., and CRAVEN, J., concur.