KABLE PRINTING COMPANY, Plaintiff-Appellant, *v.* MOUNT MORRIS BOOKBINDERS UNION LOCAL 65-B *et al.*, Defendants-Appellees.

Second District   Nos. 79-281, 79-348 cons.

Opinion filed April 9, 1980.

Francis E. Hickey and Peter DeBruyne, both of Miller, Hickey & DeBruyne, of Rockford, for appellant.

Thomas D. Allison, of Cotton, Watts, Jones, King & Bowlus, of Chicago, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Both plaintiff and defendants appeal from an order of the trial court which assessed as costs against them the salaries and expenses of special deputy sheriffs who had been ordered by the court to enforce its restraining order. They contend that the order must be reversed as unauthorized, and we agree.

Plaintiff, Kable Printing Company (hereinafter Kable), an Illinois corporation, is a printing company with a plant located in Mount Morris, Illinois. Defendants, Mount Morris Bookbinders Union Local 65-B and the Mount Morris Photoengravers Union Local 91-P, are the collective bargaining representatives for Kable employees who have been on strike against the company since May 1974. On August 30, 1974, the trial court entered a temporary restraining order which limited the number of pickets at the Kable plant and prohibited, *inter alia*, intimidation or property damage by union members at that site. Kable was likewise restrained from intimidating or threatening union members during the period of the strike. The validity of that order was subsequently upheld by this court in an earlier appeal (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1975), 27 Ill. App. 3d 500, 327 N.E.2d 46, *aff'd* (1976), 63 Ill. 2d 514, 349 N.E.2d 36). That order was still in effect at the time of the proceedings which we describe.

On November 25, 1974, Kable filed a petition for contempt in which it alleged violations of the restraining order by union members. On December 2, 1974, while that petition was pending, the trial court entered an order, on its own motion, which directed that three special deputy sheriffs be assigned by the sheriff of Ogle County as security guards at the Kable plant for the purpose of assuring compliance with the provisions of the restraining order. The court further directed that the cost of the salaries and expenses of the special deputies would be assessed against the parties at the termination of the litigation. The special deputies were then apparently so assigned by the sheriff and they patrolled the plant premises for some 871 man hours between December 2 and December 19, 1974.

This phase of the case thereafter lay dormant for about three years until in January 1978, when the parties were notified that it would be dismissed for want of prosecution and that the trial court had ordered a hearing to be held May 15, 1978, for the assessment of costs for the services

of the deputy sheriffs assigned to guard the plant. At that hearing the costs was determined to be $4,355, and on March 12, 1979, the trial court entered an order assessing the sum of $2,177.50 against plaintiff as one-half of the costs of the extra police protection and assessed the same sum against the defendants for the balance of that cost.

The depositive issue in this case is whether the trial court was authorized to so tax the costs of police protection to these parties. We note at this juncture that neither Ogle County nor its sheriff was a party to the proceedings below or is a party to this appeal.

■■ Both Kable and the unions are in essential agreement on this issue. A general, well-settled proposition is that courts have no inherent power to tax costs against the party, as the assessment of costs was a practice unknown to the common law, and the authority to do so rests solely on statutory authorization. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 444, 356 N.E.2d 524, 529; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468, 472; *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41.) The cost statutes, being in derogation of the common law, are to be strictly construed (*Department of Revenue v. Appellate Court, First District* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302), and only those items of costs designated by statute as so taxable may be assessed as costs against a party (*Department of Revenue v. Appellate Court, First District*; 14 Ill. L. & Prac. *Costs* §2 (1968)).

■ While it is clear that the trial court had discretionary authority to award authorized costs (see, *e.g.*, *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 444, 356 N.E.2d 524, 529; Ill. Rev. Stat. 1977, ch. 33, par. 18), the question before us is whether the salaries of special deputy sheriffs have been designated by statute to be taxable as court costs. Neither the briefs of the parties nor our own research reveals any such authorization permitting the expenses attendant to police protection to be assessed against a party. We, therefore, conclude that the order of the trial court taxing as costs to the parties the expense of placing sheriff deputies as guards at the Kable plant was without authority and must be reversed.

In light of our disposition of this issue we need not consider the alternate arguments advanced by the parties.

Judgment reversed.

UNVERZAGT and VAN DEUSEN, JJ., concur.