ALFRED M. SANELLI, Plaintiff-Appellant, *v.* GLENVIEW STATE BANK, Defendant-Appellee.

First District (4th Division)   No. 83—1611

Opinion filed June 28, 1984.

Robert E. Senechalle, Jr., and Stephen R. Murray, both of Senechalle & Murray, P.C., of Chicago, for appellant.

Samuel Weisbard and William P. Schuman, both of Chicago (McDermott, Will & Emery, of counsel), for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:
Plaintiff was granted 21 days to file his brief in response to

defendant's motion to dismiss. Five weeks after his brief was due, plaintiff sought leave to file his response instanter, and such leave was granted by the trial court.

Defendant brought a motion for attorney fees based on plaintiff's untimely filing, asserting as the statutory bases for his motion Supreme Court Rules 218 and 219(c) (73 Ill. 2d Rules 218, 219(c)) and section 5—118 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 5—118).

The trial court granted defendant's motion and awarded defendant $1,387.50, finding in its order that plaintiff was in violation of sections 2—611 and 5—118 (Ill. Rev. Stat. 1981, ch. 110, pars. 2—611, 5—118) of the Code.

On appeal, plaintiff asserts that these rules and code sections do not support the award of attorney fees, in light of his particular conduct, and that the court's award of fees was therefore an abuse of a discretion.

We reverse the decision of the trial court.

In April 1982, plaintiff, Alfred M. Sanelli, filed a class action suit against his land trustee and secured creditor, defendant Glenview State Bank (Glenview), alleging that Glenview had breached its fiduciary duty by purchasing the trust property for its own benefit at a public sale, a practice held unlawful by the Illinois Supreme Court in *Home Federal v. Zarkin* (1982), 89 Ill. 2d 232, 432 N.E.2d 841.

In August 1982, while the class action was pending in the trial court, the legislature enacted Public Act 82—891 (Ill. Rev. Stat. 1983, ch. 148, pars. 81 through 84), legitimatizing the practice specifically struck down in *Zarkin*, and, essentially, nullifying the decision. Section 4 of Public Act 82—891 is a retroactivity provision, making the new act applicable to all security interests in a beneficial interest in land trusts, "whether arising before, on, or after" the effective date of the Act. (Ill. Rev. Stat. 1983, ch. 148, par. 84.) Based on this newly enacted statute and the effect of the retroactivity provision, defendant moved to dismiss the class action.

Following a hearing held on August 27, 1982, the trial court issued an order allowing plaintiff 21 days to file a response to defendant's motion to dismiss, allowing defendant 14 days thereafter to reply, and setting a hearing for October 26, 1982, on count E only, the court alleging that the action was barred by Public Act 82—891.

Plaintiff's counsel, who also represented the Zarkins, learned that Devon Bank, the land trustee in *Zarkin*, would be filing and briefing a motion to dismiss also based on the enactment of Public Act 82—891. Because plaintiff's counsel "wished only to research and write on

the issue of the statute in one exercise," he decided to wait for the *Zarkin* motion before filing his own brief. Consequently, on October 22, 1982, three weeks after the *Zarkin* motion was filed and five weeks after his brief was due, plaintiff's counsel sought leave to file his response. The trial court granted plaintiff's motion to file his response instanter and reset the hearing date.

In November 1982, to protest plaintiff's late filing of his response, defendant filed a motion for attorney fees under Supreme Court Rule 219(c) (73 Ill. 2d R. 219(c)), which empowers the court to order sanctions for refusal to comply with orders relating to discovery and pretrial conferences.

In December 1982, the trial court, based upon its application of the recently enacted Public Act 82—891, granted defendant's motion to dismiss, leaving the motion for attorney fees still pending in the trial court. Plaintiff appealed the trial court's order directly to the supreme court, presenting as the sole issue for consideration the constitutionality of the retroactivity provision of Public Act 82—891. The supreme court allowed the appeal, found the provision to be invalid, and reversed and remanded with orders to reinstate the complaint. *Sanelli v. Glenview State Bank* (No. 57935, filed April 30, 1984), ____ Ill. 2d ____.

In January 1983, defendant filed an amended motion for attorney fees that incorporated the original motion, sought additional fees, and relied on section 5—118 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 5—118) in addition to Rule 219(c). In June 1983, the trial court granted defendant's amended motion, directing plaintiff to pay $1,387.50 to defendant Glenview State Bank. The trial court found that plaintiff, by his untimely response to the defendant's motion to dismiss, had violated Code of Civil Procedure section 5—118 and section 2—611 (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), which allows sanctions for the making of untrue statements. It is from this order that plaintiff now appeals.

OPINION

I

■ Initially, we consider our jurisdiction to hear the case at bar in light of the supreme court decision, handed down during the pendency of the instant appeal, reversing and remanding the original cause. The appellate court has jurisdiction to review appeals from final orders or judgments. (73 Ill. 2d R. 301.) A final order was entered on the separate motion for attorney fees on June 24, 1983. At the

time that order was appealed from, no claims were left pending or reserved before the trial court. (*Midstates Finance Co. v. Waller* (1966), 67 Ill. App. 2d 437, 214 N.E.2d 624.) Moreover, our consideration of the propriety of the trial court's order granting attorney fees, an issue which does not directly affect the outcome of the principal action (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282), is not precluded by the supreme court's decision reinstating the complaint. *United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101, 356 N.E.2d 1160.

Finding that this appellate court has jurisdiction to hear the instant action, we turn to an examination of the statutory bases upon which the award of attorney fees was granted.

## II

■ In the absence of specific statutory authority or some agreement or stipulation specially authorizing them, attorney fees and other ordinary expenses and burdens of litigation may not be awarded, either in law or in equity. (*Chicago Title & Trust Co. v. Walsh* (1975), 34 Ill. App. 3d 458, 340 N.E.2d 106.) The trial court predicated its award of attorney fees in this case on sections 5—118 and 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 5—118, 2—611.) In addition to these sections, defendant, in its motion for fees, argues the applicability of Supreme Court Rule 219(c) (73 Ill. 2d R. 219(c)); and, in its brief, defendant asserts further that the trial court's decision is also proper under Supreme Court Rule 218 (73 Ill. 2d R. 218) and section 1—105 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—105). We will examine each of these various statutory provisions in turn.

## III

■ The trial court found that plaintiff had violated section 5—118 (Ill. Rev. Stat. 1981, ch. 110, par. 5—118), which reads in pertinent part,

> "Sec. 5—118. Costs on dismissal. Upon the action being dismissed, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff full costs ***."

In order to have awarded attorney fees on the authority of section 5—118, the trial court must necessarily have equated attorney fees with "costs." Cost statutes are, however, to be strictly construed, and only those items of cost specifically designated by statute as taxable may be assessed as "costs." (*Kable Printing Co. v. Mount Morris Book-*

*binders Union Local 65-B* (1980), 82 Ill. App. 3d 832, 403 N.E.2d 300.) Our supreme court has held that, while section 5—118 (formerly Ill. Rev. Stat. 1975, ch. 33, par. 18) allows recovery of statutory costs, such as clerk filing fees or fees for a sheriff's service of summons, it does not permit the award of attorney fees. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524.) The trial court's reliance upon section 5—118 was therefore misplaced.

## IV

■ The other statute upon which the trial court relied in its order granting defendant's motion for attorney fees was section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), which reads in part:

"Sec. 2—611. Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

Section 2—611 permits sanctions against a party for conduct in the nature of malicious prosecution accomplished by false pleadings or abuse of judicial process which goes to the merits of the proceedings; its purpose is not to provide a sanction against all violations of court rules or orders and for all professional misconduct by an attorney. (*Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 356 N.E.2d 1150.) Because section 2—611 is penal in nature, it can be invoked only in cases falling strictly within its terms, and the explicit requirements of each section must be proved. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.) The requirements for the assessment of an award under this section are that statements are made without reasonable cause and are found to be untrue. In the instant case, there has been no proof offered that plaintiff brought the underlying cause in bad faith or that the action was based on false statements. (*DeGraff v. Kaplan* (1982), 109 Ill. App. 3d 711, 440 N.E.2d 930.) Defendant alleges only that plaintiff disobeyed an order of the court by not filing his response to defendant's motion to dismiss within 21 days. Mere untimely filing does not constitute the kind of vexatious and fraudulent action section 2—611 intends to punish.

For the forestated reasons, we find that the trial court's award of attorney fees under sections 5—118 and 2—611 of the Code of Civil

Procedure was improper. *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.

## V

■ In addition to those sections explicitly relied on by the trial court in granting defendant's motion, defendant argues that the court's award of attorney fees is proper under section 1—105 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 1—105) which provides,

> "Sec. 1—105. Enforcement of Act and rules. The Supreme Court may provide by rule for the orderly and expeditious administration and enforcement of this Act and of the rules, including *** the assessment against an offending party of the reasonable expenses, including attorney's fees, which any violation causes another party to incur ***."

Defendant, as evidenced by its argument, misinterprets the nature of section 1—105.

Section 1—105 is an enabling statute; it invests the supreme court with the power to enforce the Civil Practice Act and Supreme Court Rules and to sanction for violation thereof. (*Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 356 N.E.2d 1150.) It is not substantive and cannot, without an underlying substantive statute, serve as a basis for the award of attorney fees. Before defendant can avail itself of the power vested in the court under section 1—105, defendant must first prove the applicability of some other statutory provision and then prove plaintiff's violation thereof.

## VI

■ Assuming *arguendo* that defendant intends Supreme Court Rule 219(c) (73 Ill. 2d R. 219(c)) to serve as the underlying statute for section 1—105, defendant's search for the statutory authority on which to award attorney fees still proves fruitless. Rule 219(c) authorizes the court to enter, upon motion, certain orders imposing sanctions for a party's or person's refusal to comply with court rules or orders relating to discovery or pretrial conferences. Rule 219(c) reads in pertinent part,

> "If a party *** unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
> * * *

In lieu of or in addition to the foregoing, the court may order that the offending party or his attorney pay the reasonable expenses, including attorney's fees incurred by any party as a result of the misconduct ***." 73 Ill. 2d R. 219(c).

As plaintiff points out and as is clear from the plain language of the rule itself, Rule 219(c) provides sanctions for failure to comply with Rules 201 through 218. Therefore, it is incumbent upon the party requesting that any of the listed sanctions be imposed to prove which of these discovery rules has been violated. Defendant has chosen Rule 218, which relates to pretrial procedure. Defendant argues that the "process of briefing a motion to dismiss and the making of a pointless motion for reconsideration" fall within the pretrial period and that these actions therefore fall under the provisions of Rule 218. We find no merit in this assertion.

Rules 201 through 219 (73 Ill. 2d Rules 201 through 219) are the general discovery provisions of the practice rules. Rules 218 and 219 provide for pretrial conferences and authorize penalties for a party's failure to participate in accordance with orders of the trial court. (*Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46.) The "pretrial procedures" to which Rule 218 refers are pretrial discovery procedures (5A Nichols, Illinois Civil Practice sec. 5539.5 (1975)) and relate to discovery, not to the filing of pleadings. (*Alswang v. Claybon* (1977), 53 Ill. App. 3d 961, 369 N.E.2d 104.) Therefore, any order awarding attorney fees under Rule 219(c) based upon plaintiff's failure to file a timely brief in response to defendant's motion to dismiss was improper. 53 Ill. App. 3d 961, 369 N.E.2d 104.

■ Having noted the general rule in Illinois that attorney fees may not be awarded for procedural abuses in the absence of a statute or court rule specifically authorizing such award, and having found no statute or rule to support the award of attorney fees in the instant case, we necessarily find that the trial court's order, directing plaintiff to pay defendant $1,387.50 in attorney fees, was legally improper.

Accordingly, we reverse the decision of the trial court.

Reversed.

JIGANTI and ROMITI, JJ., concur.