Enoch WILLARD

v.

CONSTELLATION FISHING CORP.

Civ. A. No. 90–11344–K.

United States District Court, D. Massachusetts.

April 23, 1991.

Michael Latti, Arthur P. Skarmeas, Latti Associates, Boston, Mass., for plaintiff.

Thomas E. Clinton, Clinton & Muzyka, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

ROBERT B. COLLINGS, United States Magistrate Judge.

## INTRODUCTION

Several emergency motions filed by the plaintiff require an analysis of what the Federal Rules of Civil Procedure require a party to do when it seeks to defer the disclosure of an opposing party statement, otherwise discoverable pursuant to Rule 26(b)(3), Fed.R.Civ.P., until after the opposing party's deposition has been taken.

## THE FACTS

The facts are that on May 22, 1990, the plaintiff filed a complaint stating claims for negligence under the Jones Act and for unseaworthiness and maintenance and cure under the general maritime law. An answer was filed on June 29, 1990. On the same date, defendant noticed the plaintiff's deposition for August 14, 1990. The deposition was postponed by agreement of counsel and is currently scheduled for tomorrow, April 24, 1991.

On July 10, 1990, plaintiff served interrogatories and requests for production of documents. Pursuant to Rules 33(a) and 34(b), Fed.R.Civ.P., answers and/or objec-tions to the interrogatories and a response to the request for production of documents were due within thirty days, i.e. by August 9, 1990. No answers and/or objections or responses were served by August 9, 1990.

On December 20, 1990, a Scheduling Conference was held before the undersigned. At that time, it was brought to my attention that the plaintiff had served interrogatories and requests to which the defendant had not responded. Counsel for the defendant acknowledged that he had not responded but indicated that he could do so by January 15, 1991. Accordingly, in the second paragraph of my Scheduling Order, I extended the time within which the defendant was to serve answers and/or objections to the plaintiff's interrogatories and a response to the plaintiff's document request to January 15, 1991.

No answers/objections or responses were served by January 15, 1991. On February 21, 1991, plaintiff filed a motion to compel answers to interrogatories and responses to the document requests (# 10). Defendant responded on March 6, 1991 opposing the motion on the ground that "... plaintiff's counsel has been provided with copies to [sic] Answers to Interrogatories ..."

When reviewing the papers a few days later, I failed to note that although the plaintiff had sought to compel *both* answers to interrogatories *and* responses to the document requests, defendant's opposition stated only that the interrogatories had been answered but did not mention the document request. Thus, I endorsed the motion as follows:

DENIED without prejudice to filing a motion to compel as to specific interrogatories and/or requests as to which an objection has been interposed. I note that answers and a response were served on 3/5/92.

Neither counsel filed a motion for reconsideration or in any other manner attempted to alert the Court to its mistake. No further motion to compel was filed.

During the following month, counsel for the plaintiff asked counsel for the defendant whether or not he had a statement of

the plaintiff. Counsel for the defendant answered that he was in possession of a tape recorded statement of the plaintiff and a transcript of the tape recording. However, he refused plaintiff's counsel's demand that the statement be produced forthwith; he indicated that the statement would be produced only after the plaintiff had been deposed. Evidently, within the past week or two, defendant finally responded to plaintiff's request for documents.

Defendant's counsel's position prompted the plaintiff to file a motion for a protective order deferring his deposition until the statement is produced and a motion to stay the deposition. Defendant opposed. The matter was heard by me on a emergency basis this afternoon since the deposition is currently scheduled for tomorrow morning.

### THE LAW

Initially, it is clear that plaintiff is entitled to discovery of any prior statements of his which are within the defendant's custody, control and/or possession without any special showing of need so long as the statement meets the definition of "statement" as set forth in Rule 26(b)(3), Fed.R. Civ.P. *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351-2 (5th Cir.1985). There is no contention that the statement at issue in this case does not meet the definition under the Rule.

It is also undisputed that courts have the discretion to defer disclosure of the statement until after the deposition of the party who gave the statement has been taken. The Advisory Committee Notes [to Rule 26(b)(3)] state, "[i]n appropriate cases the court may order a party to be deposed before his statement is produced," (Rule 26 committee note (Party's Right To Own Statement) (West ed. at 159) because "there is a legitimate interest in receiving a version which has not been tailored to conform to an earlier statement." 4 Moore's Federal Practice, para. 26.65 at 26-397.

*Id.* at 1351, footnote 3 (other citations omitted).

It is also clear that courts have exercised the discretion provided by the Rule. *Fernandes v. United Fruit Co.*, 50 F.R.D. 82, 84 (D.Md.1970); *Smith v. China Merchants Steam Navigation Co. Ltd.*, 59 F.R.D. 178, 179 (E.D.Pa.1972); *Nelson v. Puerto Rico Marine Management, Inc.*, 72 F.R.D. 637, 638 (D.Md.1976); *Cracchiolo v. Mary & Josephine Corp.*, 88-2259-T, Order of Bowler, M.J., 11/20/90, at pp. 2–5 (slip opinion).

The question before me in this case is what party has the burden of coming before the Court in order for the Court to exercise its discretion in the matter. In the instant case, defendant's counsel, in effect, did nothing except to inform plaintiff's counsel that the statement would not be produced until after the deposition.

In my opinion, a party which seeks the deferral of disclosure of an opposing party's statement until after a deposition has the burden of seeking an order of the Court to that effect. This conclusion is, in my view, compelled by the Federal Rules.

It is to be recalled that when a request for production of documents is served, a party must respond within thirty days. Unless objected to, requested documents must be produced. If a party seeks to defer disclosure beyond the time period set forth in Rule 34(b), Fed.R.Civ.P., i.e., thirty days after the request is made, that party must, at a minimum, file a timely response to the request and in the response, interpose an objection to disclosure of the statement until after the deposition. In addition, the party seeking to defer disclosure is under an obligation to file a motion for protective order pursuant to Rule 26(c)(3), Fed.R.Civ.P., seeking an order "that the discovery may be had only on specified terms and conditions," i.e., that discovery of the statement may be had only after completion of the party's deposition.

Defendant's counsel took none of these steps. No response was filed within thirty days; no motion for a protective order has been filed. Rather, defendant's counsel took the position that he had the power under the Rules to specify that the discovery would not be had until the deposi-

tion was completed and that he could so specify without seeking any Court action whatsoever.

There is no basis in law for this contention. Since Rule 26(b)(3), Fed.R.Civ.P., permits the discovery of the party's own statement without restriction as to the time of disclosure, any deferral of disclosure requires action by the Court; it cannot be accomplished unilaterally.

Failure to file a timely objection to a request for production of documents constitutes a waiver of any objections which a party might have to the requests. *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D.Mass., 1988). In the circumstances of this case, I rule that defendant's counsel, by failing to file a timely objection to disclosure of the plaintiff's statement at the time required by the Rule, waived any objection to disclosure and waived any right to seek an order from the Court seeking deferral of disclosure. I further rule that by failing to file a motion for a protective order deferring discovery of the statement until after plaintiff's deposition, the defendant is not entitled to defer the disclosure of the statement.

## CONCLUSION

Accordingly, it is ORDERED that the endorsement on Plaintiff's Motion To Compel Answers To Interrogatories, Compel Production Of Documents And For Costs (# 10), to the extent it denied the motion to compel as to production of documents, be, and the same hereby is, VACATED. It is FURTHER ORDERED that Plaintiff's Motion To Compel Answers To Interrogatories, Compel Production Of Documents And For Costs (# 10) be, and the same hereby is, ALLOWED to the extent that the defendant is ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to produce all of the documents requested by the plaintiff FORTHWITH and to produce plaintiff's prior statements by *5:00 P.M. on April 23, 1991*. It is FURTHER ORDERED that Plaintiff's Motion To Stay His Deposition Presently Scheduled For April 24, 1991 and Plaintiff's Motion For A Protective Order

be, and the same hereby are, DENIED as moot.