Cesar **TORRES–PAULETT**, Plaintiff,

v.

**TRADITION MARINER, INC., M/V TRADITION, her tackle, hull, engine, gear, appurtenance, etc.,** Defendants.

Civ. No. 93–1829–GT (LSP).

United States District Court, S.D. California.

Sept. 7, 1994.

John A. Marin, Law Offices of John A. Marin, San Diego, CA, for plaintiff.

James J. McMullen, Jr., Littler, Mendelson, Fastiff and Tichy, San Diego, CA, for defendants.

## ORDER DENYING PLAINTIFF'S APPLICATION FOR PRODUCTION OF PLAINTIFF'S STATEMENT PRIOR TO DEPOSITION

PAPAS, United States Magistrate Judge.

This matter arises out of a Jones Act claim. Plaintiff alleges that, on or about July 4, 1993, he sustained injury to his left arm while swinging from the vessel M/V Tradition into the water after work duties had been completed on the vessel. Plaintiff received medical treatment for his injuries in the Western Pacific and in Hawaii.

Shortly after the accident, a recorded statement was taken from plaintiff by a representative of the defendant. Plaintiff requested that defendant produce a copy of the statement in a formal request for production of documents. Defendant objected to production of the statement on the ground that the statement was protected from disclosure by the work product doctrine. Defendant indicated, however, that it would produce plaintiff's recorded statement after plaintiff's deposition was completed.

On August 10, 1994, the Court received an application from plaintiff requesting that the Court order defendant to produce, prior to plaintiff's deposition, plaintiff's recorded statement made shortly after the accident that gave rise to this litigation. On August 18, 1994, defendant submitted opposition to plaintiff's application.

Plaintiff argues in his application that pursuant to Federal Rules of Civil Procedure 26(b)(3) he has an absolute right to obtain from defendant the recorded statement he gave to defendant. He peripherally argues that there are no restrictions as to the time the disclosure of the statement must be made, citing *Willard v. Constellation Fishing Corp.*, 136 F.R.D. 28 (DC Ma.1991).

Since defendant has agreed to produce to plaintiff the recorded statement, the issue to be resolved is not whether plaintiff is entitled to a copy of his recorded statement, but when the disclosure of the recorded statement should take place.

Federal Rules of Civil Procedure 26(b)(3) provides that a party may obtain a statement concerning the action or its subject matter previously made by that party. However, Rule 26 does not provide the time frame in which that statement must be produced.

Some courts have noted that it may be appropriate for a court to order a party to be deposed before his statement is produced. See *Smith v. Central Linen Service*, 39 F.R.D. 15 (DC Md.1966). Courts that have specifically addressed the issue hold that a defendant must produce the plaintiff's statement after the defendant has completed the plaintiff's deposition. See *Belback v. Wilson Freight Forwarding Co.*, 40 F.R.D. 16 (WD Pa.1966); *McCoy v. General Motors Corp.*, 33 F.R.D. 354 (WD Pa.1963). In *McCoy*, the court stated the rationale for requiring disclosure of plaintiff's statement after his deposition is taken, as follows:

'(T)here is always the danger that pretrial inspection (of plaintiff's statement) will afford an opportunity to tailor testimony in accordance with prior explanation'.... (I)t is necessary to 'protect the legitimate interests of both parties—defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or

errors in his present or past account of the accident.'

*McCoy, supra,* at 356, citing *Parla v. Matson Navigation Co.,* 28 F.R.D. 348, 349 (SDNY 1961).

This court agrees with the rationale stated in *McCoy, supra,* and *Parla, supra.* Defendant has agreed to produce plaintiff's recorded statement after completion of plaintiff's deposition. If defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident that is the subject of this litigation. Additionally, defendant would be unable to obtain a deposition of plaintiff based on plaintiff's personal memory and knowledge. Since plaintiff will be provided with a copy of his recorded statement after his deposition is taken, he will have ample opportunity to explain any inaccuracies or discrepancies in his present account or past account of the accident in further discovery proceedings or at the time of trial.

Plaintiff's reliance on *Willard, supra,* is misplaced. In *Willard,* plaintiff requested production of his statement prior to his deposition in a request for production of documents. The defendant, however, failed to timely object to the production of the statement and failed to apply to the court for a protective order requesting that the statement be produced after completion of plaintiff's deposition. The court therefore held that defendant had waived any objection to production of plaintiff's statement before plaintiff's deposition was taken. The *Willard* court did recognize however that the court has discretion to order disclosure of plaintiff's statement until after plaintiff's deposition is completed. *Willard, supra,* at 30.

In this case, defendant made a timely objection to production of plaintiff's statement prior to the completion of plaintiff's deposition. Thereafter, plaintiff requested production of the statement at an informal discovery conference. At the conference, the issues were framed and parties submitted letter briefs on the issue, as requested by the Court. The Court therefore construes plaintiff's August 10, 1994 letter as an application to compel production of plaintiff's statement and defendant's August 18, 1994 letter as an opposition to plaintiff's application and request for a protective order. Consequently plaintiff's application to compel production of plaintiff's statement is DENIED and defendant's application or protective order is GRANTED.