## MIEHLE v. UNITED STATES.

United States District Court
S. D. New York.
Sept. 26, 1951.

Mordecai M. Merker, New York City, for plaintiff.

Irving H. Saypol, U. S. Atty. for the Southern District of New York, New York City (John D. Kelly, Asst. U. S. Atty., New York City, of counsel), for defendant.

S. H. KAUFMAN, District Judge.

Plaintiff sues under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages for injuries allegedly sustained as a result of defendant's negligence. Interrogatories were served upon defendant in which there was requested the exact text of a signed statement given by plaintiff to an agent of defendant subsequent to the accident. Defendant refused to answer that interrogatory. Plaintiff now

moves pursuant to F.R.C.P., Rule 33, 28 U.S.C.A., to require defendant to answer that interrogatory, or under Rule 34 for an order requiring defendant to permit plaintiff to inspect and copy the statement.

The cases are not in accord on the question of the right of a party to the discovery of a statement given by himself to an adverse party. Some courts have freely granted discovery under Rule 33. Hayman v. Pullman Co., D.C.N.D.Ohio, E.D.1948, 8 F.R.D. 238. Other courts have looked to Rule 34 and required a showing of "good cause" as the basis of a motion for discovery. Safeway Stores, Inc. v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476.

The determination of this motion does not present the problem of choosing one or the other of these conflicting views. At the time plaintiff gave the statement to defendant's agent, approximately one month after the accident, she was not represented by counsel. Therefore, even under the more stringent rule of the Safeway case, plaintiff has shown the necessary "good cause" under Rule 34 and should be allowed discovery. 4 Moore, Federal Practice 1148–49 (2d Ed. 1950).

Motion granted. Settle order on notice.