**Joseph C. PARLA, Plaintiff,**

v.

**MATSON NAVIGATION CO., Defendant.**

United States District Court
S. D. New York.
April 10, 1961.

Standard, Weisberg, Harolds & Malament, New York City, for plaintiff. Sanford Konstadt, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant. Joseph M. Cunningham, New York City, of counsel.

PALMIERI, District Judge.

In these cross motions, defendant seeks an order of dismissal under Fed.R.Civ.P. rule 37(d), 28 U.S.C.A. for plaintiff's failure to appear for oral examination on March 22, 1961. Plaintiff seeks a protective order staying his examination pending completion of discovery and inspection for which he has applied in a motion under Fed.R.Civ.P. 34.

Plaintiff's application for a stay and defendant's application for dismissal are denied. Having made the required showing of good cause, plaintiff's application for discovery and inspection is granted.

### Plaintiff's Application Pursuant to Rule 34

■ Plaintiff seeks to discover information gathered by defendant in Honolulu, Hawaii, prior to the institution of suit during an immediate post-accident investigation. The items sought consist of (a) a statement taken by defendant's attorney from plaintiff some eight days after the accident while plaintiff was hospitalized and unrepresented by counsel; (b) photographs of the place of the accident shown to plaintiff at the time of the hospital interview; (c) statements taken by the defendant from witnesses at or about the time of the accident. In determining applications such as this one, courts endeavor to accommodate two conflicting interests. Particularly in the case of the statement given by a plaintiff to his adversary, there is always the danger that pre-trial inspection will afford an opportunity to tailor testimony in accordance with the prior explanation. On the other hand, where a statement is taken at or about the time of the accident, while the plaintiff is hospitalized, and long before the institution of suit, there is the danger that defendant may have unfairly extracted damaging admissions. Under the circumstances, allowing pre-trial disclosure appears to be the better course. This is also true with respect to the photographs and statements of witnesses which, at this late date, can no longer be duplicated. See Brown v. New York, N. H. & H. R. R., D.C.S.D.N.Y.1955, 17 F.R.D. 324; 74 Harv.L.Rev. 1039 (1961).

### Plaintiff's Application for a Stay and Defendant's Motion to Dismiss

■ Plaintiff's request for a protective order pursuant to Fed.R.Civ.P. 30(b), filed five days after he was scheduled to appear for oral examination, is not seasonably made. However, prior to the time set for examination, plaintiff's attorney advised counsel for defendant of plaintiff's desire to examine, before proceeding with his deposition, the documents and photographs subsequently listed in the discovery and inspection application. Under these circumstances, the drastic remedy of dismissal, applicable only "upon a serious showing of willful default." Gill v. Stolow, 2 Cir., 1957, 240 F.2d 669, 670, would be entirely inappropriate. See Independent Productions Corp. v. Loew's, Inc., 2 Cir., 1960, 283 F.2d 730.

■ The core question, therefore, is one of timing. To protect the legitimate interests of both parties—defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account of the accident—I direct that plaintiff appear for his deposition within ten days after the date of this order and that defendant bring to the examination and produce for inspection and copying upon completion of the deposition the items set forth above.

So ordered.