Frank J. PASTERAK

v.

LEHIGH VALLEY RAILROAD
COMPANY.

Civ. A. No. 26386.

United States District Court
E. D. Pennsylvania.

Sept. 1, 1961.

Meyer, Lasch, Hankin & Poul, by Milford J. Meyer, Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, by Joseph Neff Ewing, Jr., Philadelphia, Pa., for defendant.

WOOD, Judge.

Plaintiff has moved under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C. for the production by the defendant of a statement given to the defendant's representative by the plaintiff at a time when he was still in the hospital and as yet unrepresented by counsel. There is no allegation or insinuation that the plaintiff was in any way misled or taken advantage of by the defendant's representative. The plaintiff maintains simply that under these circumstances in which a party has given a statement to an adverse party, he is entitled to be furnished with a copy of such statement. The weight of authority supports the plaintiff's position. Neff v. Pennsylvania R. Co., D.C.E.D.Pa.1948, 7 F.R.D. 532; Hayman v. Pullman Company, N.D.Ohio 1948, 8 F.R.D. 238; Moore's Federal Practice, Vol. 4, pp. 1147 through 1149. Cf. Safeway Stores, Inc. v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476. In the Neff case cited above, Judge Follmer stated:

"Defendant further contends that the court erred in requiring defendant to furnish plaintiff with copies of his own statement. This procedure followed the rule established in this district in DeBruce v. Pennsylvania R. Co., D.C.E.D.Pa. 6 F.R. D. 403, [1947]." [7 F.R.D. 536.]

We, too, think the better practice is to furnish a person making a statement with a copy of that statement. For these reasons, we enter the following order:

Order

And now, to wit, this 1st day of September, 1961, it is hereby ordered that the plaintiff's motion for production of statement is granted.