**Edwin A. BARTOL, Jr.**

v.

**ISTHMIAN LINES, INC.**

Civ. No. 13608.

United States District Court
D. Maryland.

April 4, 1963.

388

Gould Gibbons and Dickerson, Nice & Sokol, Baltimore, Md., for plaintiff.

Randall C. Coleman, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

 Among the interrogatories which plaintiff served on defendant is the following, No. 15:

"Has any report been made by an employee of the Defendant in the ordinary course of his employment to a superior concerning the facts and circumstances of the accident or injuries suffered? If so, set forth the name and address of all persons who rendered said reports and the name and address of the person in whose possession said reports are at the present time. Attach copy of same to your Answers."

To this interrogatory defendant replied:

"The defendant excepts to the following interrogatory: [repeating the interrogatory] Chief Officer Mooney prepared an injury report which was sent to the defendant. The vessel's Master prepared a report to defendant's counsel. These are reports which the defendant requires, but they are not, it is submitted, reports of an 'employee' to a 'superior' as contemplated by the interrogatory; therefore, the defendant says that these reports are not subject to production. Even if these reports were subject to production, the defendant is not required to produce documents in answers to interrogatories. Both reports are in the possession of Randall C. Coleman, attorney for defendant."

Plaintiff has excepted to defendant's answer.

 The answer is sufficient. Buining v. The Transporter, D.Md., 171 F. Supp. 127, 133 (No. 11). Plaintiffs often ask in their interrogatories that copies of statements be supplied, and defend-ants sometimes supply them. Where there is no dispute about plaintiff's right to examine and copy the papers, this practice saves both sides the time and effort required to file and answer a motion under Rule 34. Where, however, there is a dispute about plaintiff's right to inspect and copy one or more of the papers requested, plaintiff must proceed under Rule 34 and show cause why he should be allowed to inspect and copy the papers. The ruling on such a motion will be controlled by the principles set out in Buining v. The Transporter, D.Md., 171 F. Supp. 465. See also LaChance v. Service Trucking Co., D.Md., 215 F.Supp. 159.