Frank H. McCOY, Plaintiff.

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 62–923.

United States District Court
W. D. Pennsylvania.
Aug. 26, 1963.

Dougherty, Larrimer & Lee, Pittsburgh, Pa., for plaintiff.

Meyer, Darragh, Buckler & Bebeneck, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this diversity personal injury action, plaintiff moves for production of his statement given to a representative of defendant's insurance carrier, Rule 34, 28 U.S.C., or, in the alternative, prohibit the defendant from taking plaintiff's oral deposition which has been noticed. Rule 30(b), 28 U.S.C.

The alleged accident occurred on December 13, 1960. Within a month plaintiff was interviewed by a representative of defendant's insurance carrier. At argument, defendant exhibited this statement to the court, and its counsel stated that it was in the handwriting of the representative. It appears to be a verbatim statement of the plaintiff; it is not signed. No copy was given to plaintiff. The complaint was filed in November, 1962. Counsel for plaintiff represents to the court that his firm was not retained until November 15, 1962. It was not shown that defendant had counsel when the statement was taken. Defendant now seeks to depose plaintiff generally with regard to his claim. Defendant refuses to give plaintiff's counsel a copy of the statement prior to the deposition. It contends good cause has not been shown to warrant the production. No affidavits were filed by either party.

In our opinion defendant should produce the statement for inspection and copying but after the deposition has been completed. Parla v. Matson Navigation Co., D.C., 28 F.R.D. 348 (S.D.N.Y.1961).

We think good cause has been shown. Plaintiff was without counsel when the statement was taken.[1] Over two and a half years have elapsed. The unsigned allegedly verbatim statement may be used to impeach plaintiff at the trial, and if plaintiff denies the statements therein, conceivably defendant could introduce its contents into evidence or the statement itself as past recollection recorded of the defendant's representative. We think plaintiff should be apprised of his allegedly verbatim written, but unsigned, statement before trial.[2]

Not content with plaintiff's post-accident disclosures of how the accident occurred, the defendant desires his oral deposition prior to trial. Plaintiff is fearful that the insurance company representative may have extracted damaging admissions and the deposition is being sought not in good faith but to place plaintiff in an unfavorable tactical position. Plaintiff cites Davis v. Zazow, 23 Pa.Dist. & Co.R.2d 143, which case turned on defendant's right to compel discovery under the Pennsylvania Rules,

1. See Novick v. Pennsylvania Railroad Company, D.C., 18 F.R.D. 296 (W.D.Pa. 1955).

2. New York Central Railroad Company v. Carr, 251 F.2d 433 (4th Cir. 1957); Pasterak v. Lehigh Valley R. Co., 28 F.R.D. 383 (E.D.Pa.1961); Brown v. New York, New Haven & Hartford R. Co., 17 F.R.D. 324 (S.D.N.Y.1955); Miehle v. United States, 11 F.R.D. 582 (S.D.N.Y.1951); Hayman v. Pullman Co., 8 F.R.D. 238 (N.D.Ohio 1948); 4 Moore, Federal Practice ¶ 26.23 [8.–4], pp. 1445 et seq. (2d ed. 1953). But see, Safeway Stores, Inc. v. Reynolds, 85 U.S.App.D.C. 194, 176 F.2d 476 (1949); Shupe v. Pennsylvania Railroad Company, 19 F.R.D. 144 (W.D.Pa.1956).

and not on plaintiff's right to compel production of his post-accident statement.

However, we are not unmindful of the interest of defendant. As Judge Palmieri said in Parla v. Matson Navigation Co., supra, 28 F.R.D. p. 349: "[T]here is always the danger that pretrial inspection will afford an opportunity to tailor testimony in accordance with the prior explanation." We agree with Judge Palmieri that it is necessary to "protect the legitimate interests of both parties— defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account of the accident * * *."

Therefore, as ordered in the Parla case, defendant will be directed to take plaintiff's deposition within ten days and bring to the examination and produce for inspection and copying by plaintiff's counsel, upon completion of the deposition, the plaintiff's unsigned statement taken by the representative of the defendant's insurance carrier.