Bess N. SMITH, Plaintiff,

v.

The CENTRAL LINEN SERVICE COMPANY, a body corporate, Defendant.

Civ. A. No. 14814.

United States District Court
D. Maryland.

Jan. 10, 1966.

Paul Berman, Baltimore, Md., for plaintiff.

Albert E. Brault, Brault, Scott & Brault, Rockville, Md., for defendant.

THOMSEN, Chief Judge.

Defendant's objections to two interrogatories propounded by plaintiff in this personal injury diversity case have been referred to the Court for decision under Local Rule 7, which permits a decision on the papers and memoranda without hearing. The complaint alleges that the in-jury occurred on February 22, 1961. The suit was filed on July 5, 1963. The interrogatories were filed on September 24, 1965.

I. The first interrogatory objected to is 5(b). It was posed in the following context: Interrogatory 5 first inquired whether plaintiff had given defendant, or any person acting in its behalf, a statement concerning the occurrence, concerning any fact or information relevant to the injuries or damages claimed, or concerning any other issue in the case. If the answer to this portion of the interrogatory was in the affirmative, defendant was asked in Interrogatory No. 5(a) to state when, where and the name and address of each person to whom the plaintiff had given such a statement. Both interrogatories were answered, disclosing that one of defendant's representatives obtained such a statement dated April 11, 1961. Defendant was then asked:

"5. (b) If any such statement is signed by the plaintiff, either attach a true copy of all such signed statements to the answers to these interrogatories or forthwith send such copy to counsel for the plaintiff."

Defendant's objection to Interrogatory 5(b) raises two questions: first, whether interrogatories under Rule 33, F.R.Civ.P., may be used as the vehicle to obtain copies of documents; and second, whether and under what circumstances a party may obtain a copy of his own statement given to an adverse party or to the representative of an adverse party.

(A) Rule 34 requires that good cause be shown for the inspection and copying of documents. Rule 33 cannot be used to circumvent that requirement. On the other hand, parties often ask in their interrogatories that copies of statements or other documents be furnished, and their opponents often ·furnish them. When there is no dispute about the right to examine and copy the papers, this.

practice saves both sides the time and effort required to file and answer a motion under Rule 34. Where, however, there is a dispute about the right to inspect or copy one or more of the papers requested, good cause must be shown, either in a motion under Rule 34 or in some other appropriate manner which will preserve to the opposing party his right to challenge the claimed showing of good cause. Alltmont v. United States, 3 Cir., 177 F.2d 971 (1949); Bartol v. Isthmian Lines, Inc., D.Md., 32 F.R.D. 387 (1963). See also LaChance v. Service Trucking Co., D.Md., 215 F.Supp. 159 (1963); Guilford Nat'l Bank v. Southern Ry. Co., 4 Cir., 297 F.2d 921 (1962); United Air Lines, Inc. v. United States, D.Del., 26 F.R.D. 213 (1960); 4 Moore's Federal Practice, ¶ 34.02 [2] (b) (2d ed. 1963). Moreover, any party may seek a protective order under Rules 30(b) and 34. The Court also wishes to encourage the practice, followed by many members of our bar, of exchanging documents before or without a formal pretrial conference.

(B) In Buining v. The S.S. Transporter, D.Md., 171 F.Supp. 465, 467 (1959), a motion was filed under Admiralty Rule 32 (identical in all practical respects to Rule 34, F.R.Civ.P.) to require the respondent to produce for inspection and copying the libelant's own statement. Another aspect of the motion sought the production of statements of witnesses obtained by counsel for respondents as part of his preparation for the defense of the claim. The production of the statements of witnesses was denied, as was the production of the libelant's statement. As to the latter, the Court said, "No special circumstances are shown which differentiate this from the statement of any other person having knowledge of relevant facts." In support of its refusal to require the production of the statement, the Court quoted with approval from the opinions of Judge Aldrich in Margeson v. Boston and Maine Railroad, D.Mass., 16 F.R.D. 200, 201 (1954),

and of Judge Connelly in Lester v. Isbrandtsen Co., Inc., S.D.Tex., 10 F.R.D. 338, 341 (1950), which set out forcefully the strongest arguments against requiring the production of such statements. The decisions of other courts support the result reached in the Buining case. See cases cited in 2A Barron and Holtzoff, Federal Practice and Procedure (Wright ed.), § 652.3, n. 16.21.

On the other hand, text writers, commentators and other decided cases support the view that a party should be able to secure his own statement as a matter of right. 4 Moore's Federal Practice, ¶ 26.23[8.4] (2d ed. 1963); Barron and Holtzoff, op. cit. § 652.3; and cases cited in both texts. See also, Note, Developments in the Law—Discovery, 74 Harv. L.Rev. 940, 1039 (1961). Many states by statute, rule and court decisions have reached the same result. See, e. g. Maryland Rule of Procedure 410c 1. In New York Central R. R. v. Carr, 4 Cir., 251 F.2d 433 (1957), the district court was held to have acted well within its discretion in ordering a defendant to produce a statement obtained from a plaintiff while he was still in bed in consequence of his injury more than fifteen months prior to the time of trial, although the Court was careful to reserve any decision of whether a party is entitled, as of right, to a copy of a statement obtained from him by his adversary.

■■ There is justification for a different treatment of the request of a party to obtain his own statement, and his request to obtain the statement of a witness. Any relevant statement given by a party is admissible, at the instance of his opponent, as an admission. McCormick, Evidence, §§ 239–252 (1954); 4 Wigmore, Evidence, §§ 1048–1081 (3d ed. 1940). A statement of a witness usually may be used only to impeach him, and not generally as substantive evidence, McCormick, supra, § 39; 3 Wigmore, supra, § 1018, except where it can be shown that it is a record of past recollection, McCormick, supra, § 278; 3

Wigmore, supra, § 754, or it can be fitted into another of the rarely available exceptions to the hearsay rule.

As appears from the discussion above, there are arguments in favor of withholding a party's statement and arguments in favor of making it available to him. On the one hand, there is the danger that pretrial inspection will afford an opportunity to tailor testimony to meet the statement, and may seriously impair effective cross-examination. On the other hand, if a copy of the statement had been requested at the time the statement was given, it would have been furnished, and it seems unfair to penalize the plaintiff who was unaware of his rights. Moreover, this is the type of question where the desirability of uniformity between the practice in the Maryland Courts and the Federal Court in Maryland should be given great weight.

■ This Court has concluded that the proper solution at this time is that reached by Judge Palmieri in Parla v. Matson Navigation Co., S.D.N.Y., 28 F.R.D. 348 (1961), and followed by Judge Marsh in McCoy v. General Motors Corporation, W.D.Pa., 33 F.R.D. 354 (1963). Judge Palmieri said:

"The core question, therefore, is one of timing. To protect the legitimate interests of both parties—defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account of the accident—I direct that plaintiff appear for his deposition within ten days after the date of this order and that defendant bring to the examination and produce for inspection and copying upon completion of the deposition the items set forth above." 28 F.R.D. at 349.

This Court thus rules that the mere fact that a party gave a statement to his adversary is good cause for him to be allowed to examine and copy it, but the adverse party is entitled to a protective order, if he wishes it, permitting him, before making the statement available, to take the deposition of the party who gave the statement. To this extent the previous holding in Buining is modified.

■ Defendant shall within ten days produce plaintiff's statement and allow him or his counsel to examine and copy it unless within the ten day period defendant gives notice to take plaintiff's deposition, in which event the statement shall be made available to plaintiff and his counsel at the conclusion of the deposition. It is hoped that in future cases counsel will give effect to this ruling without formal application to the Court.

I am authorized to say that the other Judges of the Court agree with and will follow this ruling.

■ II. Objection is made also to Interrogatory No. 7(a), which, after seeking and obtaining disclosure of the names and addresses of all experts proposed to be called as witnesses in the case and whether such experts have made a written report, reads:

"7. (a) If any such expert has made such written report or reports, either attach to the answers to these interrogatories a true copy of each such report or forthwith send such copy to counsel for the plaintiff."

The objection is sustained, for the reasons set forth in Knighton v. Villian & Fassio e Compagnia Internazionale di Genova Societe Riuniti di Navigazione, S. p. a., D.Md., 39 F.R.D. 11 (1965), in which all the members of the Court have concurred. Counsel are referred to the opinion therein for a statement of proper discovery in regard to expert witnesses.