Chester T. BELBACK, Plaintiff,

v.

WILSON FREIGHT FORWARDING COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

B & P MOTOR EXPRESS, INC., a corporation, Third-Party Defendant.

Robert F. HARSHELL, Plaintiff,

v.

WILSON FREIGHT FORWARDING COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

B & P MOTOR EXPRESS, INC., a corporation, Third-Party Defendant.

Civ. A. Nos. 65-863, 65-864.

United States District Court
W. D. Pennsylvania.
March 24, 1966.

MARSH, District Judge.

In these diversity personal injury actions, the plaintiffs move under Rule 34, Fed.R.Civ.P., for production of statements taken from each of them by a representative of the defendant company. Similar supporting affidavits were filed by the plaintiffs; no counter-affidavits were filed by the defendant.

It appears from the record that the plaintiffs allegedly were injured in a motor vehicle accident on or about October 3, 1964. Within approximately two weeks each plaintiff was separately interviewed by the defendant's representative while each was confined to his home "except to go to the doctor's office for medical treatment". It appeared at argument that each plaintiff signed a statement which was in the handwriting of the representative. No copy was given to either plaintiff; neither had retained counsel at that time.

Several months later the plaintiffs retained the same counsel; their complaints were filed on August 11, 1965.

On February 11, 1966, the depositions of both plaintiffs were taken, and counsel for the defendant interrogated them on liability and damages. Thereafter, the defendant refused to give plaintiffs' counsel copies of the statements. It contends that good cause has not been shown, and that the statements are privileged under Rule 4011(d), Penna.R.Civ.P., 12 P.S.Appendix, as amended to September 1, 1965.

█ In our opinion, defendant should produce the statements for inspection and copying.

We think good cause has been shown. Plaintiffs were without counsel when the statements were taken. The statements are relevant to the issues involved and their inspection now, after the lapse of over 17 months, may in some way aid the plaintiffs in the preparation of their cases. This is especially so where the statements are not the verbatim account of what each plaintiff has said, but rep-

Stanley V. Ostrow, of Crone & Cohen, Pittsburgh, Pa., for plaintiffs.

Samuel M. Rosenzweig, Pittsburgh, Pa., for defendant.

Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for third-party defendant.

**18**

resents accounts, prepared by the opponent and signed by each plaintiff, of their respective versions of the events in question. In such a process inaccuracies or differences in emphasis are not unknown to experienced lawyers.

 In addition, since the statement of a party may be introduced into evidence by his opponent as an admission, "it seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case."[1] See: 2A Barron and Holtzoff, Federal Practice and Procedure, § 652.3, p. 143 (Wright ed.).[2]

Strongly corroborative of good cause is the fact that defendant, not content with the post-accident disclosures, has taken the plaintiffs' depositions. In the depositions it had the opportunity of determining the plaintiffs' present unrefreshed recollections, which is the defendant's legitimate interest. It follows that plaintiffs are now entitled to protect their legitimate interests in examining their post-accident disclosures prior to trial so that they may honestly explain any inaccuracies or errors in their present or past accounts of the accident and damages. Cf. Parla v. Matson Navigation Co., 28 F.R.D. 348, 349 (S.D.N.Y.1961).

In McCoy v. General Motors Corporation, 33 F.R.D. 354 (W.D.Pa.1963), we held that good cause was shown when it appeared that the plaintiff was without counsel when the statement was taken; that over 2½ years had elapsed prior to noticing of the taking of plaintiff's deposition; and that the statement could be introduced into evidence. Following *Parla*, the defendant was ordered to produce the statement *after the deposition was taken.*

██ We cannot concur in the defendant's second contention to the effect that plaintiffs' statements are "privileged" under state law as set forth in Rule 4011(d), Penna.R.Civ.P., as amended to September 1, 1965. Rule 4011(d) relates to reports, memoranda, statements, information or other things, as distinguished from privileged matter, the latter being governed by Rule 4011(c). Thus it seems clear that the Pennsylvania Legislature did not intend to treat the things contained in Rule 4011(d) as privileged matter. Even assuming, arguendo, that plaintiffs' statements were privileged, their discovery is to be treated as a matter of procedural rather than substantive law, and in federal diversity actions is to be governed by the Federal Rules of Civil Procedure. As stated in 4 Moore, Federal Practice, ¶ 26.23[9], p. 1484, "it seems clear * * * that privilege is not a substantive matter * * * but rather a matter of procedure, like most other aspects of the law of evidence." If Professor Moore's analysis is correct, the doctrine of Erie R. Company v. Tompkins would have no application. Therefore, in our opinion, where good cause is shown, the production of a plaintiff's own statement under Rule 34, Fed. R.Civ.P., should not be refused.

An appropriate order will be entered.

1. See concurring opinion of Mr. Justice Jackson in Hickman v. Taylor, 329 U.S. 495, at p. 515, 67 S.Ct. 385, 91 L.Ed. 451.
2. Cf. New York Central Railroad Company v. Carr, 251 F.2d 433 (4th Cir. 1957); Pasterak v. Lehigh Valley R. Co., 28 F.R.D. 383 (E.D.Pa.1961); Brown v. New York, New Haven & Hartford R. Co., 17 F.R.D. 324 (S.D.N.Y.1955); Miehle v. United States, 11 F.R.D. 582 (S.D.N.Y.1951); Hayman v. Pullman Co., 8 F.R.D. 238 (N.D.Ohio 1948); 4 Moore, Federal Practice ¶ 26.23 [8.–4], pp. 1445 et seq., ¶ 34.08, pp. 2449 et seq. (2d ed. 1963). But see, Safeway Stores, Inc. v. Reynolds, 85 U.S.App.D.C. 194, 176 F.2d 476 (1949); Shupe v. Pennsylvania Railroad Company, 19 F.R.D. 144 (W.D. Pa.1956).