**John SMITH**

v.

**CHINA MERCHANTS STEAM NAVI-
GATION CO., LTD.**

**Civ. A. No. 71-1834.**

United States District Court,
E. D. Pennsylvania.

Sept. 13, 1972.

Barton A. Pasternak, Philadelphia, Pa., for plaintiff.

Robert B. White, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff has moved for a protective order pursuant to Fed.R.Civ.P. 26(c). He seeks to delay the taking of his deposition by defendant until after he has received a copy of a statement he made following the accident to his employer, Lavino Shipping Corporation (Lavino) which is not a party to this action. Lavino has possession of the statement. Plaintiff's motion will be denied.

The fact that plaintiff may have a right to such a statement under the rules of discovery does not determine the present issue. Defendant in taking a deposition has a legitimate interest in receiving plaintiff's present unrefreshed version which has not been tailored to conform to an earlier statement. McCoy v. General Motors Corp., 33 F.R.D. 354 (W.D.Pa.1963); see Dingler v. Halcyon Lijn N. V., 50 F.R.D. 211 (E.D.Pa.1970). The Advisory Committee Note to Amended Rule 26(b) approved delay in providing a party with his statement until after the party had been deposed. 1970 Advisory Committee Note, 4 J. Moore, Federal Practice, ¶ 26.01[18] at 26–49 (1972). Such delay in supplying a party's statement does not interfere with that party's interest which is to permit him to explain at trial any discrepancy between his testimony and the earlier statement. See McCoy v. General Motors Corp., supra. There would appear to be even less reason to delay the taking of the deposition when the statement is not even in defendant's possession or control.