Jeannine WALLS, Plaintiff,

v.

INTERNATIONAL PAPER COMPANY, Defendant.

No. Civ.A. 99–2048–CM.

United States District Court,
D. Kansas,
Kansas City Division.

Feb. 24, 2000.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for Jeannine Walls, plaintiff.

Daniel B. Boatright, Jeannie M. DeVeney, Spencer, Fane, Britt & Browne, Overland Park, KS, Jonathan P. Harmon, Laura Clark McCoy, W. Carter Younger, McGuire, Woods, Battle & Boothe, L.L.P., Richmond, VA, for International Paper Co., defendant.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter is before the court on numerous discovery motions. Defendant, International Paper Co. (IP), has filed motions to compel discovery, (Doc. 35), and deposition testimony. (Doc. 43). Plaintiff, Jeannine Walls (Walls), has filed motions for extension of time to respond to IP's motion to compel discovery, (Doc. 48, 52), a motion to file her opposition to the discovery out of time, (Doc. 57), and a motion for protective order. (Doc. 51). Each motion is ready for ruling. For the reasons stated below, Ms. Wall's motion for protective order and motions for extension of time to respond are granted. Ms. Wall's motion to file her opposition out of time is denied. IP's motion to compel deposition testimony and its motion to compel discovery are granted as limited herein.

Ms. Walls has sued IP, alleging discrimination and retaliation in two counts each under Title VII of the Civil Rights Act of 1964 (Title VII) (sex discrimination) and the Americans with Disabilities Act (ADA). Ms. Walls surreptitiously recorded certain conversations between herself and Mr. Marotta, the plant supervisor for IP. During discovery, IP served several interrogatories and requests for production on Ms. Walls. Ms. Walls interposed objections to the discovery requests, provided limited answers to the interrogatories, and continually delayed production of the audio tapes. Eventually IP noticed the deposition of Ms. Walls and attempted to question her about the tapes. Ms. Walls refused to answer IP's questions. She asserted work product privilege and the right to delay production of the tapes or information contained therein until after she

secured the deposition testimony of Mr. Marotta in this matter. IP has made motions to compel production of the audio tapes and the deposition testimony of Ms. Walls.

### I. International Paper Company's Motion to Compel Discovery Responses

In this motion IP addresses two main concerns: answers to interrogatories, and production of audio tapes responsive to IP's requests. Because the court grants Ms. Wall's motion for protective order regarding the audio tapes, it will address itself to that issue later in this opinion.

#### A. Extension of Time

IP filed its motion to compel discovery responses on November 15, 1999, and Ms. Walls was given an extension of time to respond until December 16. On December 16 and 23, Ms. Walls filed motions to extend her response time till December 23 and 27 respectively. She filed a motion to file out of time on January 20, 2000. The court has not decided any of these motions. For good cause shown, the court exercises its discretion to grant Ms. Walls two motions for extension of time. Each motion was filed within the time allowed. Ms. Walls alleged in her motions that her attorney experienced catastrophic failure of his computer systems, and that demands of the holiday season precluded response in the time allowed. The court is aware of the pressures of the holiday season, and the reliance of law firms upon computers. Therefore the motions are granted.

#### B. Motion to File Response Out of Time

 Twenty-four days **after** the extended time expired, Ms. Walls filed a motion to file out of time. A party will be allowed to file out of time upon a showing of excusable neglect. Fed.R.Civ.P. 6; D.Kan.Rule 6.1. Courts consider four factors to determine excusable neglect: (1) danger of prejudice to the nonmoving party; (2) length of the delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Mohankumar v. Dunn,*

No. 97–1555, 1999 WL 1253053, at *1, (D.Kan. Dec.22, 1999) (*citing City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994); *and Evans v. Caldera,* No. 98–2446, 1999 WL 233307, at *2, (D.Kan. Mar.11, 1999)).

In this case the defendant has been delayed in completing discovery pending resolution of this motion since November 15, 1999. Discovery has been extended once, in part because of the issues involved in these motions, and the extended discovery deadline is rapidly approaching. The first two factors weigh somewhat against granting the motion.

The court finds that the third factor weighs heavily against the plaintiff. Ms. Walls alleges three reasons for delay: (1) her counsel had serious problems with his computer systems, (2) opposing counsel in other matters declined to cooperate with her counsel and filed preemptive motions to compel, and (3) her counsel was extremely busy with this and other cases.

The court granted 16 days of extensions for Ms. Walls response, yet it took forty days to get a response or motion before the court. The court acknowledges that the computer problems alleged are serious and disruptive to the practice of law. However, such problems should not be allowed to produce such substantial disruption or delay. The court is charged with the speedy, just and inexpensive determination of every action for every participant.

As to the attitudes and actions of opposing counsel in other cases, the court notes that Ms. Walls's counsel requests extensions of time with relative regularity. Although courts grant requests for extension and motions to compel based on the specific merits of each case, they encourage parties to work together in good faith to resolve discovery matters before seeking the court's intervention. Fed.R.Civ.P. 6(b), 26(c) 37(a); D.Kan. Rules 6.1, 37.2. Perhaps Ms. Walls's counsel should seek to repair his relations with opposing counsel in his other cases. Counsel for both parties in this case are directed to

make a concerted effort to address their working relationship. After review, the court finds relations with counsel in other cases do not justify failure to provide a timely response or request for extension in **this** case.

■ Finally, Ms. Walls's detailed citation of some of her counsel's workload since December 27, 1999 reveals an active, busy law practice. However, an "attorney's busy schedule" rarely rises to the level of excusable neglect justifying a motion to file out of time. *See Evans,* 1999 WL 233307 at *3 (*citing Britt v. Whitmire,* 956 F.2d 509, 511 (5th Cir.1992) *and Maryland Cas. Co. v. Conner,* 382 F.2d 13, 17 (10th Cir.1967)). On Dec. 28, Ms. Walls filed a motion for protective order but not a response to the motion to compel.[1] The reasons for delay are within the reasonable control of Ms. Walls or her attorney, when considered in the context of sixteen to forty days additional time.

■ IP alleges that Ms. Walls's motion is part of a pattern of delay, and attempts to avoid the rules of procedure. The court finds insufficient showing to rise to the level of bad faith.[2] But, Ms. Walls shows no affirmative acts of **good** faith either. For example, she made no attempt to contact defense counsel regarding this motion. Therefore, the court finds the fourth factor is neutral. In considering the four factors in relation to this case, the court does not find excusable neglect in filing this motion out of time. Ms. Walls's motion is denied. Where a party has failed to respond to the opposing party's motion, the motion will normally be granted as unopposed. D.Kan.Rule 7.4.

## C. Specific Discovery Considered

Although the court could grant IP's motion to compel discovery as unopposed, it has considered the issues raised in the motion, and grants the motion in part as explained below. IP alleges that Ms. Walls's response to Interrogatory #9 was incomplete, and

---

1. The time to respond expired on Dec. 27. Ms. Walls's motion for protective order was filed seven minutes after midnight. Had a response to the motion to compel or a request for extension been filed even at that time, the court may have accepted the response as timely.

2. The court is not inclined, however, to grant further motions for extension of time by Ms. Walls absent a strong showing of necessity.

that her answers to Interrogatories # 10 and 11 were submitted "solely for the purpose of mediation in the above-referenced case in connection with which such answer is privileged in any event." (Def.'s Supp. of Mot. to Compel at 3). As the defendant argues, the federal rules require that each interrogatory shall be answered fully. The rules allow for proper objections to an interrogatory, but do not allow an answer to be limited in the purpose for which it is provided. Fed. R.Civ.P. 33(b).

Upon review of the interrogatories and answers at issue, the court finds that Ms. Walls did not object to Interrogatory # 9. Neither did she answer it completely. She is ordered to provide answers to Interrogatory # 9 within ten days of this order.

Ms. Walls provided answers to Interrogatories # 10 and 11 "solely for the purpose of mediation." Ms. Walls's objected to # 10 as overly broad. If the request is overly broad, Ms. Walls must provide a response to the extent the interrogatory is not overly broad. *See* Fed.R.Civ.P. 33(b)(1) and Advisory Committee Notes, 1993 Amendments, Subdivision (b). To the extent the interrogatory asks Ms. Walls to identify **all** individuals which have engaged in **any** discrimination against her, it may be overly broad. However, it is appropriate to ask Ms. Walls to identify all persons against whom she has participated in formal proceedings alleging discrimination against her, and more specifically **all** individuals whose alleged discrimination she claims, or will claim is attributable to IP or its employees in this proceeding. She is ordered to answer Interrogatory # 10 not subject to any limitation other than the rules of civil procedure within ten days of this order.

■ In her answer to Interrogatory # 11, Ms. Walls made an extended objection that the interrogatory is vague, ambiguous, oppressive, unduly broad, and overly burdensome. This objection is without merit. The court finds that it is a proper matter for discovery to seek the facts concerning the plaintiff's claim for compensatory damages, and the identity of any witnesses with knowledge relating to any claim of emotional distress. Although the discovery may involve some expense to Ms. Walls, she does not explain in what way the necessary information may be discovered with less cost to her or how that expense is oppressive or overly burdensome. Ms. Walls is ordered to provide answers to Interrogatory # 11 not subject to any limitation other than the rules of civil procedure within ten days of this order.

## II. Ms. Walls's Motion for Protective Order

Ms. Walls has made a motion pursuant to Rule 26(c) for a protective order to postpone production of recordings of conversations between herself and her supervisor, Mr. Marotta. Ms. Walls previously alleged that the tapes are privileged work product. (Pl.'s Resp. to Def.'s Req. for Produc. of Docs. at 3, ¶¶ 4, 6). She now admits that the tapes are not privileged because they constitute statements by a party, but she alleges that under the circumstances it is appropriate for the court to issue a protective order pursuant to Rule 26(c) to postpone production of the tapes until after she has the opportunity to depose Mr. Marotta.

### A. Waiver of Objection to Discovery

■ IP first argues that a protective order is inappropriate because Ms. Walls has waived any right to object. It argues that Ms. Walls failed to object to **production** of the audio tapes in her answer to IP's requests for production, and that by doing so she has waived an objection. As IP admits, Ms. Walls objected to the production of work product. (Def.'s Opp'n to Protective Order at 2–3). "With the exception of documents ... protected as work product, plaintiff will produce all documents described in Request No. 4 [and 6]." (Pl.'s Resp. to Def.'s Req. for Produc. of Docs. at 3, ¶¶ 4, 6). IP has not denied that the tapes are work product. Party statements must be provided to the party even if they constitute work product. Fed.R.Civ.P. 26(b)(3). However, "[i]n appropriate cases the court may order a party to be deposed before his statement is produced." *Id.* Advisory Committee Notes, 1970 Amendment, Subdivision (b)(3), Party's Right to Own Statement (*citing Smith v. Central Linen Service Co.,* 39 F.R.D. 15 (D.Md.1966) *and McCoy v. General Motors Corp.,* 33 F.R.D. 354 (W.D.Pa.1963)). The court finds Ms. Walls asserted a work prod-

uct privilege as to the tapes, and has not waived her objection to the timing of production.

### B. Party Statements

■ IP next argues that under the facts of this case, withholding of the tapes is not appropriate. IP distinguishes the cases cited by Ms. Walls, alleging they apply only to **witness** statements or surveillance tapes. (Def.'s Opp'n at 3–4). It contends that it would be fundamentally unfair to require Mr. Marotta to testify about the subject matter of conversations recorded four years earlier without a chance to refresh his memory.

### 1. Application of Case Law

IP's attempts to distinguish the cases are unavailing. The court has reviewed no less than six cases cited by Ms. Walls in which the recorded statements of a **party** were at issue, and in which the court ordered that the statement be released to the party **after** that party was deposed.[3] The court finds the cases are directly on point. The *McCoy* court, prior to the 1970 amendment to the Federal Rules of Civil Procedure, stated the rationale for delaying disclosure until after deposition:

> '[T]here is always the danger that pretrial inspection [of the party's statement] will afford an opportunity to tailor testimony in accordance with the prior explanation'. . . . [I]t is necessary to 'protect the legitimate interests of both parties—defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining [earlier recorded statements] prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account.'

*McCoy*, 33 F.R.D. at 356 (*quoting Parla*, 28 F.R.D. at 349).

These courts concluded that postponing production of the prior statements until after the party making the statements had been deposed would protect both interests. After

*McCoy*, the Federal Rules were changed. Now a party has an absolute right to a copy of his prior statements. *See* Fed.R.Civ.P. 26(b)(3). The change in the rules makes the **timing** of production the only issue. *See, e.g., Torres–Paulett*, 157 F.R.D. at 488; *Nelson*, 72 F.R.D. at 637.

IP cites a District of Kansas case in which the court ordered production of recordings of defendant's statements within fifteen days. *See Betts v. Agri–Tech Services, Inc.*, No. 87–4110, 1990 WL 5731 (D.Kan. Jan.23, 1990). The *Betts* court was faced with the issue of production, not timing. Production is required by the Rules. The court based its decision on the fact that, plaintiff did not provide **"any basis for his failure to provide these tape recordings to the defendant."** *Id.*, at *1 (emphasis added). Ms. Walls has provided a basis to delay production of the tapes at issue.

IP argues that surreptitiously taping a conversation, at least a conversation with an unsuspecting partner, vitiates any protection from discovery. *See Innovative Therapy Products Inc. v. Roe*, No. Civ. A. 98–1506, 1998 WL 293995, at *1 (E.D.La. June 4, 1998). However, the tapes in *Innovative Therapy* were made upon the advice of plaintiff's counsel. *See id.* at *2. The *Innovative Therapy* holding rests upon a line of cases in which parties were counseled or encouraged by their attorneys to initiate and surreptitiously record conversations with other parties or witnesses. *See id.* at *1 (*citing Ward v. Maritz, Inc.*, 156 F.R.D. 592, 594 (D.N.J. 1994); *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y.1992); *Parrott v. Wilson*, 707 F.2d 1262, 1270–72 (11th Cir.1983); *and, Moody v. IRS*, 654 F.2d 795, 800 (D.C.Cir.1981) (documentary record of an ex parte communication)). The results in those cases were dependent upon the issue of attorney ethics in counseling, encouraging, or participating in such activity. *See id.* (and cases cited therein). Here there is no indica-

---

**3.** *Parla v. Matson Nav. Co.*, 28 F.R.D. 348 (S.D.N.Y.1961); *McCoy v. General Motors Corp.*, 33 F.R.D. 354 (W.D.Pa.1963); *Smith v. Central Linen Service Co.*, 39 F.R.D. 15 (D.Md.1966); *Belback v. Wilson Freight Forwarding Co.*, 40 F.R.D. 16 (W.D.Pa.1966) (plaintiffs were deposed before requesting production of their statements previously recorded); *Nelson v. Puerto Rico Marine Management, Inc.*, 72 F.R.D. 637 (D.Md. 1976); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705 (S.D.N.Y.1977); *Torres–Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487 (S.D.Cal. 1994).

tion of any involvement by Ms. Walls's counsel in production of the recordings. The cases cited by IP are neither controlling nor persuasive in the circumstances of this case. Because attorney conduct is not at issue in this case, and because the cases in footnote three above, cited by Ms. Walls, are directly on point, the court finds the cases cited by Ms. Walls are persuasive and controlling on this issue.

### 2. Fundamental Fairness

IP's fundamental fairness argument is not persuasive. IP argues that delaying production of surveillance tapes as permitted in *Snead v. American Export—Isbrandtsen Lines, Inc.,* 59 F.R.D. 148 (E.D.Pa.1973) furthers societal interest in identifying and discouraging false claims, but that no such societal interest is present here. That argument implies there is no societal interest in requiring supervisors to deal with their employees truthfully, without discrimination. The court believes that the Americans with Disabilities Act of 1990 identifies such a societal interest.

The fact that Mr. Marotta's recorded conversations were not under oath is not controlling. Because the statements were not under oath, he will not be in danger of perjury prosecution if the testimony in the deposition does not agree with the recorded statements. IP cannot be arguing that Mr. Marotta has a right to tailor his deposition testimony because the prior statements were not made under oath. IP will have opportunity to explain any lapse in Mr. Marotta's memory caused by the four-year delay between the recorded conversations and his deposition.

Ms Walls's motion for protective order is granted. Ms. Walls shall notice deposition of Mr. Marotta within five days of the date of this order and Mr. Marotta shall submit to deposition within fifteen days thereafter. At the close of the deposition, Ms. Walls shall immediately furnish to the defendant a copy of all tape recordings made of conversations between herself and Mr. Marotta.

### III. International Paper's Motion to Compel Deposition Testimony.

IP seeks to compel deposition testimony from Ms. Walls concerning the audio tape recordings which are the subject of Ms.

Walls's motion for protective order. Ms. Walls has not responded to the motion. She has, however, interposed her motion for protective order as to the tapes. IP is correct in its assertion that such statements are absolutely discoverable as party statements regardless of the work product privilege. Fed. R.Civ.P. 26(b)(3).

As discussed above, the issue is timing of release of the statements or information contained therein. *See, e.g., Torres–Paulett,* 157 F.R.D. at 488. The fact the tapes were surreptitiously recorded is of no consequence where it is not alleged that the party's attorney either recommended or encouraged the recording. For the reasons stated by the court in its discussion of *Innovative Therapy,* the cases cited by IP are neither controlling nor persuasive in this case.

IP has the right to depose Ms. Walls in this case, it is appropriate to question about the content and her understanding of the tape recordings at issue. Therefore, the court grants IP's motion to compel deposition testimony from Ms. Walls. However Ms. Walls may only be deposed after Mr. Marotta has been deposed and the tape recordings turned over to IP. IP may notice a deposition and Ms. Walls shall make herself available for further deposition in this matter no sooner than five days nor later than twenty-five days after the production of the tape recordings to IP.

### IV. Costs and Attorney Fees

The court acknowledges that Ms. Walls has not been expeditious in her handling of discovery. However, in the circumstances here presented, Ms. Walls has asserted a work product privilege, at least as to the timing of release of the audio tapes at issue. The court does not believe that the award of sanctions pursuant to Rule 37(a)(4) is appropriate.

**IT IS THEREFORE ORDERED** that Ms. Walls's motions for extension of time, (Doc. 48, 52), are granted. Ms. Walls's motion to file her opposition to discovery out of time, (Doc. 57), is denied. Ms. Walls's motion for protective order, (Doc. 51), is granted as limited in this order.

**IT IS FURTHER ORDERED** that IP's motion to compel discovery, (Doc. 35), is granted in part and denied in part. Ms. Walls is ordered to provide answers to Interrogatory # 9 within ten days of this order. Ms. Walls is ordered to provide answers to Interrogatories # 10 and 11 not subject to any limitation other than the rules of civil procedure within ten days of this order. IP's motion to compel deposition testimony, (Doc. 43), is granted as limited in this order.

**IT IS FURTHER ORDERED** that Ms. Walls shall notice the deposition of Mr. Marotta within five days of this order· and Mr. Marotta shall submit to deposition within fifteen days thereafter. At the close of that deposition, Ms. Walls shall immediately furnish a copy of all tape recordings made. Ms. Walls may be further deposed only after Mr. Marotta's deposition and turnover of the tape recordings to IP. IP may notice a deposition and Ms. Walls shall make herself available for further deposition in this matter no sooner than five days nor later than twenty-five days after production of the tape recordings.