Gretchen STAMPS, Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC.; Rod Dougherty; and Doe Palmer, Defendant

No. CIV.A. 1:04–CV–2761.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 11, 2005.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

Terrence McQuade, Withrow, McQuade & Olsen, LLP, Atlanta, GA, for Defendant.

### ORDER

ORINDA D. EVANS, District Judge.

This civil action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* and other state law claims is presently before the Court on (1) Plaintiff's Motion to Compel Defendant Encore Receivable Management, Inc.'s Initial Disclosure Responses [# 17];

and (2) Defendant Encore Receivable Management, Inc.'s Motion to Compel Production [# 23]. For the reasons state below, both motions are GRANTED in part and DENIED in part. Also pending is the parties' joint motion to extend discovery [# 29], which is GRANTED.

### I. *Summary of the Case*

Plaintiff filed her Complaint in this action on or about September 21, 2004, alleging that Defendants jointly and severally violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq..* Plaintiff also asserts a state law claim for intentional infliction of emotional distress. Discovery in this case ends on March 21, 2005.

Defendant Encore Receivable Management, Inc. ("Encore") is a Georgia foreign corporation engaged in the business of collecting debts in the state of Georgia. Defendants Rod Dougherty ("Dougherty") and Doe Palmer ("Palmer") are persons whose true names are presently unknown to Plaintiff, and whom therefore are sued by such fictitious names. Plaintiff alleges that both Dougherty and Palmer are debt collectors employed by Encore.

Plaintiff alleges the following facts. The Defendants were engaged in debt collection activities surrounding a consumer credit card account (hereinafter "debt") issued by Discover Card Services, which was opened by Plaintiff for her consumer and household purposes. On or about August 18, 2004, Defendant Dougherty told Plaintiff she would be served with papers at her home and that liens would be put on her property if she did not enter into an agreement to repay the debt in monthly installments of $300 each. On or about August 18, 2004, Plaintiff informed Defendant Dougherty that she was unable to afford monthly payments in the amount of $300.

On or about August 30, 2004, Defendant Palmer left a voice mail message for Plaintiff stating that she was with the finalization and litigation department of her firm and that if the Plaintiff did not contact her by 9pm central time, then she would make the final

recommendation regarding her case. On or about August 30, 2004, Plaintiff telephoned Defendant Palmer and advised her that she was working with Consolidated Credit Counseling Services, Inc. and requested that she quit calling. In reply, Defendant Palmer said that they would continue calling and that Encore does not work with debt consolidation companies.

## II. Plaintiff's Motion to Compel Defendant Encore's Initial Disclosure Responses

On November 22, 2004, Defendant Encore served its Initial Disclosures. Plaintiff complains that Defendant Encore's Initial Disclosure Number 1 was inadequate:

1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

*Encore is properly identified in the complaint. There are two additional defendants who are either not properly identified, or are not known. Encore asserts all rights to assert that such defendants, if ever identified by Plaintiff and made a part of this litigation, are improper or inappropriate parties to this action.*

Plaintiff complains that Defendant Encore's Initial Disclosure Number 5 was also inadequate:

5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*See Attachment A.*

Attachment A, in turn, states "Plaintiff likely has knowledge of Plaintiff's claims and alleged damages." Defendant Encore lists no additional individuals but promises to "timely supplement this response in accordance with the Local Rules in the event it becomes aware of additional individuals." Defendant

Encore has not since supplemented this response.

According to Plaintiff, Initial Disclosure Numbers 1 and 5 require Defendant Encore to disclose the names, addresses, and telephone numbers of its employees that communicated with the Plaintiff in an effort to collect upon the debt, as detailed in the Complaint. Without these disclosures from Defendant, Plaintiff claims that she has no other means of determining the true and accurate names of the additional defendants in this action.

Defendant Encore argues that its response to Initial Disclosure Number 1 is complete and appropriate. According to Defendant, the statement "Encore is properly identified in the complaint" fully answers this mandatory disclosure requirement because it does not create a burden to identify other defendants or state whether they are properly identified or named. Moreover, neither the Federal Rules of Civil Procedure nor this Court's Local Rules imposes a duty upon Defendant Encore to respond on behalf of other defendants.

Based on the plain reading of this mandatory disclosure, clearly there is no obligation on the part of Defendant Encore to identify the fictitious defendants. Indeed, Initial Disclosure Number 1 only requires Defendant Encore to properly identify itself, not any other party. By responding in the affirmative, Defendant Encore fulfilled its obligation under this initial disclosure. Therefore, Plaintiff's Motion to Compel Initial Disclosure Number 1 is DENIED.

Similarly, Defendant Encore asserts that it has complied with the requirements of Initial Disclosure Number 5. According to Defendant Encore, as of the date of its filing of its Initial Disclosures, Plaintiff was the only person which it could state, with any certainty, would provide support for Defendant's claims or defenses.

The language of Initial Disclosure Number 5 tracks the language of Federal Rules of Civil Procedure 26(a)(1)(A). As amended in 2000, Rule 26(a)(1)(A) requires the initial disclosure of any witness "that the disclosing party may use to support its claims or defenses." Although disclosure should include

the identity of any witness that the disclosing party may use to support its denials, there is no requirement to disclose anything that the disclosing party will not use, which may include much that is harmful to its case. Fed. R.Civ.P. 26(a)(1) advisory committee's note (2000); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2053 (2004 Pocket Part). The question, therefore, boils down to whether Defendant Encore intends to "use" Dougherty and/or Palmer in its defense. According to the Advisory Committee Note, the term "use" includes any use at a pretrial conference, to support a motion, or at trial. Fed.R.Civ.P. 26(a)(1) advisory committee's note (2000). The disclosure obligation is also triggered by intended "use" in discovery apart from use to respond to a discovery request. *Id.*

Based on a review of Defendant Encore's Answer and the Joint Preliminary Report and Discovery Schedule, Defendant Encore's "use" of Dougherty and Palmer as a witness in support of its denials seems necessary. For example, in the "Description of Case" section of the Joint Preliminary Report and Discovery Schedule, Defendant Encore "denies that it, *or any of its representatives,* violated the Fair Debt Collection Practices Act." (Emphasis added). Defendant Encore also "contends and alleges that no violations ... of applicable law occurred in relation to any action of Defendant *or its agents* in relation to Plaintiff." (Emphasis added). Therefore, Defendant Encore's explanation for its failure to disclose the identity of these two witnesses—that it "simply has not yet determined which individuals may have discoverable information that Defendant may use in support of its claims or defenses"—is disingenuous. It seems rather obvious that Dougherty and Palmer, as the alleged Encore representatives who communicated with Plaintiff, are likely to have discoverable information that Defendant Encore may use to support its defenses. This conclusion is made even more plain in light of Defendant's Motion to Compel the production of a voice mail allegedly left by Palmer (discussed *infra*, Part II). Defendant Encore does not claim that it is unaware of the true identities of Dougherty and/or Palmer. Its refusal to disclose these individuals, therefore, appears only for the purpose of delaying or obstructing Plaintiff's discovery.

■ The goal of the initial disclosure requirement is to get out basic information about the case at an early point. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2053. Though Plaintiff could discover the identities of Dougherty and Palmer through service of interrogatories, this information is exactly the type of "basic information" that the initial disclosures are intended to reveal. Therefore, Plaintiff's Motion to Compel Initial Disclosure Number 5 is GRANTED. Defendant Encore is DIRECTED to supplement Initial Disclosure Number 5 with the names, addresses, and telephone numbers of Dougherty and Palmer within five (5) days from the date of the Order.

Federal Rules of Civil Procedure 37(a)(4) provides that if the motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds ... that the opposing party's nondisclosure ... was substantially justified." Finding that Defendant Encore has provided no substantial justification for its failure to disclose, Plaintiff's request for attorney's fees and costs incurred for filing the Motion to Compel is GRANTED.

III. *Defendant Encore's Motion to Compel Production*

Defendant Encore seeks an Order requiring Plaintiff to make available for inspection and copying an alleged voice mail recording (the "voice mail") that Plaintiff has identified as substantive evidence in this matter. On January 4, 2005, Plaintiff timely responded to Defendant Encore's First Request for Production of Documents as follows:

**Request for Production No. 4:** Any and all recorded voice mail messages left for Plaintiff by Encore or a representative of Encore.

**Response:** Plaintiff objects to Request for Production No. 4 on the grounds that it

seeks attorney work product information. Plaintiff states that she will produce the oral records of conversations after the deposition testimony of Encore Receivable Management, Inc.... is obtained. In *Walls v. International Paper Company,* 192 F.R.D. 294 [(D. Kansas 2000)], the Court held that an employee who brought employment discrimination suit was entitled to protective order delaying production of audio tapes of certain conversations between employee and plant supervisor until after she has secured the deposition testimony of supervisor, to avoid possibility that supervisor would tailor his testimony in light of the tapes.

Without waiving said objection, Plaintiff states that there is a tape recording of a message left by Defendant Encore's representative on the Plaintiff's home answering machine on approximately August 30, 2004.

■ Plaintiff no longer argues that the tapes are protected attorney work product, acknowledging in her brief that it has an "obligation to turn over the tape in response to Defendant Encore's discovery requests." Plaintiff, however, requests that this Court issue an Order to delay the production of the tape until after the depositions of Defendant Encore, Rod Dougherty, and Doe Palmer have been taken. In effect, Plaintiff is seeking a protective order delaying the production of the tape. *See* Fed.R.Civ.P. 26(c)(2) (court may issue a protective order "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time and place"). The burden of showing good cause for a protective order rests on the party requesting relief. Fed. R.Civ.P. 26(c).

The parties agree that this Court's analysis should focus on balancing Defendant's right to full discovery of evidence versus Plaintiff's right to Defendant's unrefreshed recollection of events that gave rise to this litigation. That is, resolution of this dispute depends on the classification of the tape as either substantive evidence or impeaching evidence. "To the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay the production pending the taking of a deposition". *Pro*

*Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co.,* 187 F.R.D. 229 (M.D.N.C.1999)

■ When a party uses a recording to establish the truth of the case, that recording largely constitutes substantive evidence. *Pro Billiards,* 187 F.R.D. at 232. In this case, Plaintiff is clearly using the tape as substantive evidence. Plaintiff has identified the tape as key evidence in Plaintiff's Complaint (Pl.'s Compl., ¶ 37), Plaintiff's Initial Disclosure Number 5, and Plaintiff's Response to Encore's Request for Production of Documents. Plaintiff intends to use the tape to establish the truth of its allegations that Defendant used harassing and fraudulent means in connection with the collection of Plaintiff's debt. Indeed, the real value of the recording is not in impeaching a witness, but in the facts and issues determined by the recording. The memory of a witness as to what was said is of lesser importance. If the "truth" is on the audiotape, then the value of allowing Plaintiff to impeach Defendant Encore or Defendant Encore's representatives will be minimal.

Moreover, issues of fairness weigh in favor of Defendant. Defendant Encore may need to verify the existence and the contents of the audio recording before subjecting itself and its representatives to a potentially misleading examination. In addition, Plaintiff used this tape to prepare for the litigation and has had the advantage of preparing her testimony on an important substantive issue in this case. In order not to distort the truth-finding process of cross-examination, Defendant Encore should have the same opportunity.

Courts have agreed to delay the production of recordings only upon a finding that such recordings may potentially provide compelling impeaching evidence. In a personal injury case, for example, where the nature of plaintiff's injuries are often in dispute, surveillance video of plaintiff has "compelling impeachment value." *Smith v. Diamond Offshore Drilling, Inc.,* 168 F.R.D. 582 (S.D.Tex.1996). In order to preserve the impeachment value of the surveillance, therefore, the court in *Smith* required the plaintiff to commit by deposition to a description of the scope of his injuries prior to viewing the

surveillance video. *Id.* In this case, however, Plaintiff fails to articulate in her brief the value of Defendant's unrefreshed recollection of the events giving rise to this litigation. Therefore, Defendant's Motion to Compel is GRANTED. Plaintiff is DIRECTED to produce all voice mails and other tapes responsive to Request for Production 4 within five (5) days from the date of the Order. Because Plaintiff provided a substantial justification for its failure to produce, Defendant Encore's request for reasonable expenses incurred in preparing the Motion to Compel is DENIED.

## IV. *Conclusion*

Plaintiff's Motion to Compel Defendant Encore's Initial Disclosures [# 17] is GRANTED in part and DENIED in part. Plaintiff's Motion to Compel Initial Disclosure Number 1 is DENIED and Plaintiff's Motion to Compel Initial Disclosure Number 5 is GRANTED. Defendant Encore is DIRECTED to supplement Initial Disclosure Number 5 with the names, addresses, and telephone numbers of Dougherty and Palmer within five (5) days from the date of the Order. Plaintiff's request for attorney's fees and costs incurred for filing the Motion to Compel is GRANTED.

Defendant Encore's Motion to Compel [# 23] is also GRANTED in part and DENIED in part. Defendant's motion to compel production of the voice mail recording (Request for Production 4) is GRANTED. Plaintiff is DIRECTED to produce all voice mails and other tapes responsive to Request for Production 4 within five (5) days from the date of the Order. However, because Plaintiff has provided a substantial justification for its failure to produce, Defendant Encore's motion for attorney's fees and costs incurred for filing the Motion to Compel is DENIED.

The parties' Joint Motion for Extension of Discovery [# 29] is GRANTED and discovery is extended for a period of 60 days from the date of filing of this order.

The hearing on Plaintiff and Defendant Encore's Motions to Compel set for March 25, 2005 at 11:00 A.M. is hereby removed from the Court's calendar.